UNITED SECURITY INSURANCE COMPANY, Plaintiff-Appellee, *v.* LELAND MASON *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 77-1017

Opinion filed April 25, 1978.

Cohn & Flynn, of Chicago, for appellants.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Joseph B. Lederleitner and Robert Marc Chemers, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from a summary judgment, entered by the circuit court of Cook County, in favor of plaintiff, United Security Insurance Company, and against defendants, Leland and Lorraine Mason. This judgment prohibited defendants from "stacking" or "pyramiding" uninsured motorist coverages contained in two automobile insurance policies issued by plaintiff.

The Mason family owned four automobiles, all of which were insured,

under two policies, by plaintiff United Security Insurance Company. James Mason, the son of defendants Leland and Lorraine Mason, owned a policy of automobile liability insurance issued by plaintiff containing, *inter alia*, a $10,000 per person uninsured motorist coverage. The other policy issued by plaintiff was a Family Combination Automobile Policy which insured three automobiles owned by Leland and Lorraine Mason. Contained in this policy was a $10,000 per person uninsured motorist coverage applicable to each of the three automobiles insured. Plaintiff did charge defendants three premiums ($2.00, $1.50, $1.50) for this uninsured motorist coverage. Furthermore, defendants' son James was an "insured" for purposes of the uninsured motorist coverage contained in the family policy.

Both of these automobile liability insurance policies were in full force and effect on September 23, 1974, the day on which James Mason was killed in an automobile collision. At the time of his death, James Mason was a passenger in an automobile owned by John Lisek, the uninsured driver.

Subsequent to James Mason's death, Lorraine Mason, as administratrix of the estate of her deceased son, made a claim for $40,000 under the uninsured motorist provisions of the aforementioned automobile liability insurance policies. Plaintiff denied this claim, and thereafter filed a complaint for declaratory judgment in the circuit court of Cook County, seeking a declaration that the estate of James Mason was entitled to recover uninsured motorist coverage only under decedent's automobile liability insurance policy. Defendants filed an answer, contending that the uninsured motorist coverages of both policies could be "stacked" and that defendants were, therefore, entitled to a recovery of insurance benefits in the amount of $40,000.

Defendants then filed a motion for summary judgment, iterating their alleged entitlement to a $40,000 uninsured motorist recovery based upon "stacking." Plaintiff responded with its own motion for summary judgment in which plaintiff denied defendants' claim to uninsured motorist coverage in the amount of $40,000. On April 27, 1977, the circuit court of Cook County entered an order granting plaintiff's motion for summary judgment. This order specifically indicated that (1) the only uninsured motorist coverage available to decedent James Mason's estate is found in policy number UF3—48—89—55 issued to the decedent James Mason, (2) the policy issued to Leland and Lorraine Mason, policy number UF3—48—27 is not applicable to this case, and (3) the estate of James Mason is not entitled to stack or pyramid the uninsured motorist coverage of $10,000 four times and recover $40,000. It is from this summary judgment order entered by the circuit court that defendants appeal.

■■ Section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) provides summary judgment should be granted when "* * * the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Summary judgment provides a means of disposing of cases with dispatch, but it is a drastic method and should only be allowed when the right of the party to invoke the drastic method is free from doubt. Summary judgment must not be used to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist. In reviewing the trial court's granting of summary judgment, we must consider all grounds urged and facts revealed in that court to determine if a genuine issue as to a material fact remained to be determined by a jury and whether plaintiff was entitled to summary judgment as a matter of law. (*Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 340 N.E.2d 539.) Consequently, our decision in the instant case will result from determining, as a matter of law, whether defendants were entitled to "stack" uninsured motorist coverages contained in the aforementioned automobile liability insurance policies.

■■ In resolving the problem presented by the instant case we must answer the following two inquiries: (1) Does the language contained in the two automobile liability insurance policies issued by plaintiff entitle defendants to "stack" the respective uninsured motorist coverages, and (2) if the first inquiry can be answered in the affirmative, how much uninsured motorist coverage can be "stacked?" We will attempt to answer these inquiries with a careful analysis of the terminology found in the automobile liability insurance policies. Furthermore, we note that our analysis will be guided by two well-established principles of law, (1) that ambiguities in the terms used in a contract of insurance are to be resolved in favor of coverage (*Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 329 N.E.2d 17) and (2) when an insurer attempts to limit its liability under the uninsured motorist provision of its policy, such limitation must be construed liberally in favor of the policyholder, and most strongly against the insurer. *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 181, 370 N.E.2d 1044, 1050.

■■ Our analysis of the automobile liability insurance policies issued by plaintiff reveals the absence of any provision, in either policy, expressly prohibiting "stacking" of uninsured motorist coverages. Plaintiff argues that the "other insurance" clause contained in the Family Combination Automobile Policy issued to defendants precludes "stacking" the uninsured motorist coverages of the two policies. We cannot agree with

this contention. The apparent purpose of "other insurance" clauses is to make certain that one company does not pay a disproportionate amount of a loss which is to be shared with *another* company. There is no purpose in proration unless the "other insurance" is written by another company. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.) No "other" insurance company is involved in the disposition of this case. Therefore, the "other insurance" clause contained in the Family Combination Automobile Policy is not operative in the instant case and does not preclude "stacking."

In determining that the "other insurance" clause, contained in the Family Combination Automobile Policy, does not operate to preclude "stacking" of uninsured motorist coverages we have not fully settled the issue of whether defendants were entitled to "stack" the coverages. We must find language in the Family Combination Automobile Policy from which we may infer that "stacking" is proper.

Such language is found in the definition section of the Family Combination Automobile Policy applicable to uninsured motorist coverage. In this section of the policy "insured" is defined, *inter alia*, as "the named insured and any relative." Consequently, for the purposes of uninsured motorist coverages contained in defendants' family policy, their deceased son was an "insured." Thus, defendants were entitled to make an uninsured motorist coverage claim, pursuant to their son's death, under the terms of the family policy. This fact, coupled with our finding that the "other insurance" clause did not operate to preclude "stacking" requires us to find that defendants were entitled to "stack" uninsured motorist coverages contained in their son's policy and the family policy.

Three automobiles were insured under defendants' family policy with a $10,000 "each person" uninsured motorist coverage applicable to each automobile. This fact leads us to our second inquiry: how much uninsured motorist coverage can be "stacked?"

We note that plaintiff charged $2.00, $1.50, and $1.50, respectively, for the uninsured motorist coverage premiums applicable to the three automobiles insured under the family policy. These premiums purchased additional indemnification for injuries (including death) resulting from the same risks covered under defendants' son's policy. Therefore, defendants are entitled to "stack" the entire $30,000 uninsured motorist coverage of the family policy with the $10,000 coverage of their deceased son's policy. While this result may be characterized as a "windfall" in favor of defendants, we follow the pronouncement of the Illinois Supreme Court in *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 181, 370 N.E.2d 1044, 1050, that:

" '* * * The insured is better off because he paid additional

premiums. If there is to be a "windfall" in this situation, it should be to the insured, who paid the several premiums, rather than to the insurer, which collected them.' "

Accord, *Westchester Fire Insurance Co. v. Industrial Fire & Casualty Co.* (1978), 58 Ill. App. 3d 439, 374 N.E.2d 777.

Our analysis of the facts of this case and the principles of law applicable thereto reflects that the circuit court of Cook County improperly entered summary judgment in favor of plaintiff United Security Insurance Company. Consequently, the judgment entered by the circuit court of Cook County is reversed and remanded for entry of summary judgment in favor of defendants consistent with the views expressed herein.

Reversed and remanded.

DOWNING and BROWN, JJ., concur.