ELMA ROBINSON, Plaintiff-Appellant, *v.* METROPOLITAN LIFE INSURANCE CO., Defendant-Appellee.

First District (4th Division)   No. 78-342

Opinion filed August 9, 1979.

Kolar and Conte, Ltd., of Chicago (Robert D. Kolar and Stephen P. Patt, of counsel), for appellant.

Peterson, Ross, Schloerb and Seidel, of Chicago (Joseph J. Hasman and Ellen J. Kerschner, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Elma Robinson, brought suit in the circuit court of Cook County against the defendant, Metropolitan Life Insurance Company, to recover accidental death insurance benefits following the death of her son. The trial court, sitting without a jury, found the death was not an accident and entered judgment in favor of the defendant.

The plaintiff argues on appeal that death resulted from an intentional injection of a narcotic substance which caused a hypersensitivity reaction. She contends that the death was accidental within the meaning of the policy which states benefits are to be paid in the event of bodily injury "caused solely by accidental means and, independently of all other causes, resulting in death * * *." Further, she argues that recovery is not barred by the exclusionary clause of the policy which provides that accidental death benefits are payable only if the death "is not caused or contributed to by disease or bodily or mental infirmity, or by intentionally self-inflicted injury * * *." She makes no claim that death was caused by a narcotics overdose which, according to her medical expert, produces death by depressing the respiratory system. In *Marsh v. Metropolitan Life Insurance Co.* (1979), 70 Ill. App. 3d 790, 388 N.E.2d 1121, such a death was held to be accidental and thus compensable. Also, there is no contention that death was intended by the decedent.

Michael Robinson, the decedent, was insured under a group policy issued by the defendant to his employer when he died on July 27, 1974. The plaintiff was the beneficiary of that policy. The defendant paid the principal death benefit. This suit involves only the beneficiary's right to the payment of accidental death benefits.

The plaintiff presented two witnesses: herself and Dr. Robert J. Stein who performed the autopsy on the decedent. The plaintiff testified that her son was a heroin user and that he had sought treatment for his addiction. She said he was not depressed when she last talked to him at

her house the morning of this death. Two hours later the decedent was found dead in her bathroom with a needle in his arm. The needle contained a fluid which appeared to be blood. The decedent never gave any indication that he might want to take his own life.

Dr. Stein, a pathologist for the Cook County Coroner's Office at the time in question, and presently the chief medical examiner of Cook County, testified that he examined the insured's body and prepared an autopsy report. The report was introduced into evidence. Stein found a recent puncture wound in the elbow joint. Neither the syringe nor the tissue surrounding the wound was examined for heroin or barbiturates. Tests performed upon the decedent's blood, brain, kidney, liver, urine, stomach contents and bile did not demonstrate any trace of alcohol, barbiturates, tranquilizers or opiates. According to the autopsy report the cause of death was "chronic active hepatitis, associated with narcotism." This was defined as an inflammation of the liver associated with the use of narcotics.

Stein testified that the death was not caused or contributed to by any disease or bodily or mental infirmity. Stein also said that if he were writing the report today he would say the cause of death was a hypersensitivity reaction to either a drug or the vehicle in which the drug was made up in or mixed with. Stein explained that a hypersensitivity reaction occurs when a circulating antibody interacts with tissues within the body producing a "shock state." He also said that death could have occurred due to the hypersensitivity alone without the hepatitis and narcotism.

On cross-examination Stein admitted there was nothing in his report which indicated a hypersensitivity reaction. He testified that today tests are available which would confirm this diagnosis and that the technology was not as advanced at the time the autopsy was performed. Finally, Stein conceded that he was assuming that a substance was injected and that the injected substance was a narcotic, but that it was possible that no substance had been injected or that the injected substance, if any, was not a narcotic.

The plaintiff's first argument is that death was caused by an intentional injection of a narcotic substance and was therefore caused by accidental means. She argues that accidental death is defined as one that is unexpected, unusual and unforeseen. (See *Taylor v. John Hancock Mutual Life Insurance Co.* (1957), 11 Ill. 2d 227, 142 N.E.2d 5.) That contention is similar to the argument presented in *Marsh v. Metropolitan Life Insurance Co.* (1979), 70 Ill. App. 3d 790, 388 N.E.2d 1121, where the narcotic was self-administered and death was unintended. The *Marsh* court found that a compensable accidental death was established under those circumstances even though the narcotic had been intentionally

injected, because the death itself was unexpected, unusual and unforeseen. This case is distinguishable from *Marsh* because here there was no evidence of a narcotic substance in the decedent's body.

The plaintiff also argues that death caused by a hypersensitivity reaction is accidental. While this proposition may be true, the evidence concerning a hypersensitivity reaction was conflicting. The toxological report showed no trace of narcotics in the insured's system and the syringe and area surrounding the injection were not tested. Dr. Stein's original opinion of the cause of death was chronic active hepatitis, associated with narcotism. It was only at trial that he stated his opinion had changed and that he then believed the cause of death was a hypersensitivity reaction to either the drug or the vehicle in which the drug was made up or mixed with. The basis for that conclusion is questionable. Stein stated that there was nothing in the autopsy examination or the toxological report which would indicate a hypersensitivity reaction. He also said he believed that tests available today would confirm this new opinion but that those tests were not available at the time of the decedent's death. Stein also conceded that he was assuming that some substance had been injected and that the injected substance was a narcotic; however, he admitted that it was possible that no substance had been injected and that the injected substance, if any at all, was not a narcotic.

■■ The burden was on the plaintiff to prove that the cause of death was accidental within the terms of the policy. (*Yates v. Bankers Life & Casualty Co.* (1953), 415 Ill. 16, 111 N.E.2d 516; *Smith v. Metropolitan Life Insurance Co.* (1943), 317 Ill. App. 624, 47 N.E.2d 330.) The trial judge concluded that the death was not an accident. We cannot reverse that conclusion in the absence of a finding that it was against the manifest weight of the evidence. (*Kenny Construction Co. v. Metropolitan Sanitary Dist.* (1972), 52 Ill. 2d 187, 288 N.E.2d 1.) We cannot say the trial judge's conclusion was against the manifest weight of the evidence because (1) there was no evidence of a narcotics overdose, such as was held an accident in *Marsh*; (2) the testimony concerning a hypersensitivity reaction rested on a tenuous basis; and (3) there was evidence from which the trial court could have concluded that the cause of death was hepatitis and thus not accidental.

For the reasons expressed above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LINN and ROMITI, JJ., concur.