CRAIG E. THOMPSON, Plaintiff-Appellee, *v.* WALTER B. PLATT, JR., Defendant-Appellant.

Third District    No. 81-492

Opinion filed March 19, 1982.

Burrell Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellant.

Lyle W. Allen and William J. Bryan, both of Heyl, Royster, Voelker & Allen, of Peoria, and Bernard G. Stutler, of Knoxville, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Craig E. Thompson, brought the instant action in negligence against the defendant, Walter B. Platt, Jr., in the circuit court of Knox County. Platt denied the allegations and moved for summary judgment, alleging that the plaintiff was contributorily negligent as a matter of law. On November 5, 1980, the circuit court granted the motion and entered judgment in favor of the defendant, finding that no question of fact existed and that the plaintiff was contributorily negligent as a matter of law. On November 21, 1980, the plaintiff filed a motion to reconsider, arguing that a material question of fact remained to be answered. While the motion stood pending, the Illinois Supreme Court in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, rejected the common-law doctrine of contributory negligence and adopted comparative negligence. Two months later the circuit court set aside the judgment in favor of the defendant, saying: "[*Alvis*] has resurrected this case from the graveyard. The court finds that as a matter of law contributory negligence no longer bars recovery under the comparative negligence doctrine." We then granted the defendant's motion for leave for interlocutory appeal pursuant to Supreme Court Rule 308 (73 Ill. 2d R. 308).

In the landmark case of *Alvis v. Ribar*, the supreme court declared that the doctrine of comparative negligence was to replace contributory negligence as follows:

> "We hold that this opinion shall be applied to the parties before us on appeal and to all cases in which trial commences on or after June 8, 1981, the date on which the mandate in this case shall issue. This opinion shall not be applicable to any case in which trial commenced before that date—except that if any judgment be reversed on appeal for other reasons, this opinion shall be applicable to any retrial." (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28, 421 N.E.2d 886, 898.)

The sole issue presented for review is whether *Alvis* applies to a cause in which summary judgment has been entered prior to June 8, 1981, but in which a motion to reconsider remains pending.

The plaintiff would equate the above quoted language of *Alvis* as requiring the doctrine of comparative negligence to be applied to any cause in which judgment has not become final before June 8, 1981. He specifically contends that, because he moved to reconsider within 30 days after entry of judgment (Ill. Rev. Stat. 1979, ch. 110, par. 68.3), the judgment did not become final until the motion was heard, nearly eight months from the time it was filed and two months after the date of *Alvis'* mandate. Although we agree that the plaintiff's post-trial motion postponed the effective date of judgment, we find nothing in *Alvis* to support his argument that the date of final judgment determines whether *Alvis* is to be applied. The opinion makes no reference to the date on which judgment becomes final. On the contrary, *Alvis* expressly declares that its holding does not apply to any cause in which trial *commences* before June 8, 1981. Clearly, the operative occurrence is when trial actually begins, not when the trial court's judgment becomes final, as the plaintiff argues. Had the supreme court intended to effect the plaintiff's argument, it easily could have done so. But it did not. The court's language is clear and unambiguous; we are bound accordingly.

Moreover the fact that the circuit court disposed of the cause by summary judgment instead of by trial does not affect our ruling that the court erred in applying *Alvis*. As we recently said in *Hulett v. Central Illinois Light Co.* (1981), 99 Ill. App. 3d 211, 424 N.E.2d 1366, a motion for summary judgment is the procedural equivalent of a trial. Here, following the equivalent of a trial, the court granted summary judgment in the defendant's favor on November 5, 1980, before the date of *Alvis*. Thus the court erred in applying *Alvis*. Nevertheless, we remand the cause to the circuit court to consider the other arguments submitted in the plaintiff's motion for reconsideration for, although they were presented, the court apparently made no ruling on them.

For the foregoing reasons, we reverse the order setting aside judgment in the defendant's favor and remand the cause to consider the merits of the plaintiff's November 21, 1980, motion to reconsider.

Reversed and remanded.

ALLOY and HEIPLE, JJ., concur.