CRAIG E. THOMPSON, Plaintiff-Appellant, *v.* WALTER B. PLATT, JR.,
Defendant-Appellee.

Third District   No. 82—641

Opinion filed July 29, 1983.

Lyle W. Allen and Nicholas J. Bertschy, both of Heyl, Royster, Voekler & Allen, of Peoria, and Bernard G. Stutler, of Knoxville, for appellant.

Charles E. Covey and Burrel Barash, both of Barash, Stoerzbach & Henson, of Galesburg, for appellee.

JUSTICE BARRY delivered the opinion of the court:

This case is presented to us for our consideration for a second time. It is a negligence action claiming damages for personal injuries suffered by plaintiff, Craig Thompson, in August of 1978 when the motorcycle he was operating ran into the rear of a truck/trailer combination operated by the defendant, William Platt, Jr. Following discovery depositions, the defendant filed a motion for summary judgment, which was allowed on November 5, 1980. The court found "as a matter of law that the plaintiff was guilty of contributory negligence."

On November 21, 1980, plaintiff filed a motion to reconsider. Before the motion could be heard, the supreme court decided *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886. On July 21, 1981, the circuit court effectively granted the motion to reconsider on grounds that plaintiff's suit was no longer barred by the doctrine of contributory negligence. On motion of the defendant, an appeal was taken to this court. We reversed the trial court's order, finding that the motion for summary judgment was "the procedural equivalent of a trial," and remanded the matter for the court's consideration of the merits of plaintiff's motion to reconsider. (*Thompson v. Platt* (1982), 106 Ill. App. 3d 757, 436 N.E.2d 224.) The motion was heard and denied. This appeal by plaintiff followed.

The question before us today is whether the trial court correctly found that the plaintiff was contributorily negligent as a matter of law. We affirm.

■■ Summary judgment is a harsh remedy which is to be avoided in favor of granting the parties an opportunity to present their evidence at trial unless all of the pleadings, depositions, admissions, affidavits, and all permissible inferences, analyzed in the light most favorable to the nonmovant, so clearly favor the movant that no fair-minded person could dispute the movant's right to judgment in his favor. On appeal, this court will affirm the trial court's decision to grant summary judgment only if, after scrutinizing the record, we are absolutely convinced there is no genuine issue as to any material fact and that the movant was, indeed, entitled to judgment as a matter of law.

■■ Even the issue of contributory negligence, a classic jury question, may be decided on summary judgment if it appears "from undisputed facts that 'all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand.' " *Killeen v. R.W. Dunteman Co.* (1979), 78 Ill. App. 3d 473, 475, 397 N.E.2d 436, 438, quoting *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.

■■ A transcript of discovery depositions of the parties was attached to defendant's motion for summary judgment. The following undisputed facts are gleaned from that document. The plaintiff had been riding cycles since he was nine years old. He was 20 at the time of the deposition. The particular motorcycle that he was riding at the time of the accident was a 1975 250-Honda "El Cinor" which he had purchased used from his father-in-law the beginning of the summer of 1978. There was no mechanical problem with the brakes on the date of the accident. The accident occurred around 11 a.m. and the weather was clear. There was a dip in the road which obstructed the plaintiff's vision until he was about one-quarter mile from where the accident occurred. The plaintiff said, however, that he first saw the Platt truck/trailer equipment when he was about one-eighth mile away. He observed at that time that the combination vehicle was occupying both lanes as it appeared to be turning into a side road. At that point, the plaintiff was traveling between 50 and 55 miles per hour. He applied his brakes "lightly," reducing his speed to an estimated 35 or 40 miles per hour, and collided with the trailer. Although the plaintiff observed no on-coming northbound traffic, he did not attempt to change lanes so as to get around the end of the trailer.

Based on these facts, we have no doubt but that the trial court correctly found the plaintiff contributorily negligent as a matter of law.

■■ It is now axiomatic that "[a] driver approaching from the rear has a duty to keep a safe lookout and must take into consideration the

fact that he may be required to stop or slow his vehicle suddenly. Failure to maintain a safe lookout for traffic ahead constitutes negligence on the part of a driver." *Gullberg v. Blue* (1980), 85 Ill. App. 3d 389, 392, 406 N.E.2d 927, 930, citing *Burroughs v. McGinness* (1978), 63 Ill. App. 3d 664, 667, 380 N.E.2d 37; see also *Waldron v. Hardwick* (1968), 99 Ill. App. 2d 36, 240 N.E.2d 772; and *Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 350 N.E.2d 219.

The plaintiff in this case was not in the exercise of due care for his own safety when he emerged from the dip in the road one-quarter mile from where the defendant was maneuvering his truck/trailer combination and failed to take immediate note of the potential danger ahead. The plaintiff does not offer any excuse for his own apparent lapse of attention for the admitted one-eighth mile distance between the point where he first could have observed the defendant's equipment and the point where he in fact did take notice and begin to "lightly" apply his brakes. We can only conclude, as the trial court correctly did, that the plaintiff's failure to take evasive action to avoid the collision was the product of his own negligence.

The plaintiff insists, however, that the defendant's activities immediately prior to impact are not undisputed and, therefore, leave triable issues of fact and render summary judgment in error. The factual disputes raised by the plaintiff include the possible suddenness of the defendant's turning maneuver, whether the defendant's turning signals and/or brake lights were activated, and whether the defendant's equipment was moving forward, backwards or standing still. While certainly these matters would be relevant to the degree of the defendant's negligence, we fail to see how they are material to the issue of the plaintiff's own contributory negligence. The defendant's negligence, if any were to be found, still would not account for the plaintiff's failure to exercise due care *at all times* to avoid a collision with vehicles on the road ahead of him.

On the record before us, it is evident with certainty that the trial court properly determined that the plaintiff was guilty of contributory negligence as a matter of law and that the defendant was entitled to summary judgment. Accordingly, we affirm the judgment of the circuit court of Knox County.

Affirmed.

ALLOY and SCOTT, JJ., concur.