FRED E. WAHLS *et al.*, Plaintiffs, *v.* AETNA LIFE INSURANCE COMPANY, Defendant (Edward F. Wahls, Plaintiff-Appellee and Cross-Appellant; New York Life Insurance Company, Defendant-Appellant and Cross-Appellee).

First District (1st Division)  No. 82—2940

Opinion filed November 21, 1983.—Rehearing denied February 21, 1984.

William Freivogel and Lisa Donk Lewis, both of Chicago (Ross & Hardies, of counsel), for appellant.

Thomas P. Valenti and Sonja R. Johnson, both of Karr & Valenti, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff Edward Wahls brought an action in the circuit court of Cook County to recover accidental death benefits as beneficiary under an insurance policy issued by defendant New York Life Insurance Company on the life of his sister. After both parties moved for summary judgment, the trial court granted summary judgment in plaintiff's favor, denied defendant's motion for summary judgment and additionally denied plaintiff's motion for attorney fees, costs and interest. Defendant appeals the portion of the order granting summary judgment for plaintiff and denying its summary judgment motion. Plaintiff cross-appeals the denial of attorney fees, costs and interest.

The record reflects as follows. On April 23, 1981, the decedent, Ruth Ann Wahls, was found dead on the bathroom floor of her home. Decedent was single, lived alone and had a history of alcoholism. Rolled up newspapers dating from April 14, 1981, through April 22, 1981, were found on her doorstep and a neighbor had last spoken with her on April 15, 1981. A postmortem examination conducted by the Cook County Medical Examiner's Office revealed no traces of opiates, barbiturates or alcohol in her system, and no evidence of "foul play." Decedent had sustained a transverse fracture of the right ankle. The postmortem report concluded that the "Death is considered to be related to Fatty Liver in association with Fracture of ankle bones and history of heavy use of Ethanol." However, the manner of death was listed in the report as "undetermined."

Plaintiff subsequently requested the proceeds of an insurance policy issued by defendant on decedent's life which provided $50,000 in accidental death benefits. Plaintiff was designated as beneficiary under the policy. Specifically, the policy covered losses resulting from "accidental bodily injury *** , directly and independently of all other causes." Excluded from the foregoing coverage were losses "caused or contributed to by" infirmity of mind or body, or any illness or dis-

ease, or intentionally self-inflicted injuries, suicide or attempted suicide.

Defendant denied coverage under the policy and plaintiff brought an action to recover the accidental death benefits. Plaintiff and defendant both initially filed motions for summary judgment which were denied by the trial court due to the lack of evidence regarding decedent's cause of death. Subsequently, the depositions of both parties' medical experts were taken. Plaintiff's expert testified that decedent's cause of death was indeterminate, that he was unable to form an opinion as to her cause of death and that decedent's various medical and death records did not provide sufficient data to permit him to speculate as to the cause of her death. He further testified that the only evidence of trauma suffered by decedent was her ankle fracture, but that the fracture was not the cause of her death. Finally, plaintiff's expert testified that he would rule out disease as a primary cause of death. Defendant's expert agreed that the cause of death could not be determined from the record and that the fracture could not have caused her death. Defendant's expert also testified, however, that in his opinion it was more likely that decedent died of disease than of accident or trauma.

Upon completion of the experts' depositions, both parties again moved for summary judgment. Plaintiff argued that it was apparent from the facts and circumstances contained in the postmortem report that decedent's death was "accidental" as a matter of law. Defendant, however, contended that its liability was not triggered under the terms of its policy or under Illinois law until plaintiff presented evidence tending to show that decedent suffered an accidental bodily injury which caused her death. Defendant further argued that it had no duty to pay benefits to plaintiff because the record established that the circumstances and cause of decedent's death were unknown and because the only injury suffered by decedent was not, and could not have been, the cause of her death. After a hearing, the trial court granted summary judgment for plaintiff and denied the summary judgment motion of defendant. We reverse the granting of summary judgment for plaintiff and affirm the denial of defendant's summary judgment motion.

We initially recognize that plaintiff has the burden of proving that decedent died as a result of an accidental bodily injury within the terms of the subject policy. (*Yates v. Bankers Life & Casualty Co.* (1953), 415 Ill. 16, 19, 111 N.E. 516; *Robinson v. Metropolitan Life Insurance Co.* (1979), 74 Ill. App. 3d 698, 701, 393 N.E.2d 738.) Illinois courts, however, have adopted a liberal attitude in interpreting

accidental death provisions when resolving litigation for the recovery of insurance proceeds. (See *Passarella v. Board of Trustees* (1969), 106 Ill. App. 2d 448, 450, 245 N.E.2d 913.) The policy in the present case, as defendant acknowledges in its reply brief, speaks in terms of "accidental results." The concept of "accidental result" is defined as something occurring by chance or fortuitously, without intention or design, and which is unexpected, unusual and unforeseen. (*Taylor v. John Hancock Mutual Life Insurance Co.* (1957), 11 Ill. 2d 227, 230, 142 N.E.2d 5; *Russell v. Metropolitan Life Insurance Co.* (1982), 108 Ill. App. 3d 417, 420, 439 N.E.2d 89.) In *Taylor*, the decedent deliberately spilled 10 gallons of gasoline in a dwelling and then was incinerated when a pilot light ignited the gasoline; the death was held to be unforeseeable as a matter of law and therefore within the coverage of the accidental death provision of the insurance policy. More recently, in *Russell*, this court upheld the recovery of accidental death benefits where the decedent's death resulted from the consumption of a lethal quantity of alcohol.

■ In the case at bar, the trial court apparently found, as a matter of law, that decedent's death was unforeseeable and unintended, and granted summary judgment for plaintiff. In reviewing the trial court's entry of summary judgment, it is the function of the appellate court to determine whether the trial court correctly ruled that no genuine issue of material fact had been raised for trial. (*United Security Insurance Co. v. Mason* (1978), 59 Ill. App. 3d 982, 984, 376 N.E.2d 653.) Here, we believe that, notwithstanding the liberal interpretation to be accorded the term "accidental," the record before the trial court at the time that summary judgment was entered was insufficient to determine as a matter of law that decedent's death was accidental. The medical examiner's report listed the manner of death as indeterminable and plaintiff's own expert testified he was unable to form an opinion as to the cause of death. Plaintiff's expert also ruled out as a cause of death the ankle fracture, which apparently was the only injury suffered by decedent. Accordingly, we are of the opinion that the evidence raised a genuine issue of fact for the jury as to whether decedent's death was accidental within the scope of the policy's coverage and, therefore, the order granting summary judgment for plaintiff is set aside.

■ We further reject defendant's contention that plaintiff's failure to provide an expert determination as to the medical cause of decedent's death entitles it to summary judgment in its favor. The fact that an actual cause of death is medically undetermined does not preclude a jury from finding that, for purposes of the insurance contract,

the death was accidental. If defendant wanted a medical opinion to serve as the basis of a claim for accidental death benefits, the policy in question could have been drafted to so provide. In an insurance contract, generally the insurer determines and drafts the policy provisions and any lack of clearness in the meaning of such contract is the insurer's responsibility; that construction of the policy will be adopted which favors the insured and resolves any uncertainty in his favor. (*State Farm Fire & Casualty Co. v. MacDonald* (1967), 87 Ill. App. 2d 15, 20, 230 N.E.2d 513.) Accordingly, we affirm the denial of defendant's motion for summary judgment.

■ Defendant additionally alleges that the record contains a "number of strong indications" that decedent's death was caused by disease and that "the possibility of suicide has not even been addressed in this lawsuit, much less ruled out." With regard to this allegation, the law is well settled that it is defendant's burden to plead and prove, as an affirmative defense, that decedent's death falls within an exclusion of the insurance policy. (*Kettlewell v. Prudential Insurance Co. of America* (1954), 4 Ill. 2d 383, 385, 122 N.E.2d 817; *Marsh v. Metropolitan Life Insurance Co.* (1979), 70 Ill. App. 3d 790, 797, 388 N.E.2d 1121.) Here, defendant has failed to plead that this loss is within the scope of an exclusionary clause.

■ We are aware of case law indicating that where, as here, cross-motions for summary judgment are before the court, summary judgment for one side or another is proper. (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576.) However, this court previously has concluded that the mere filing of cross-motions does not compel the reviewing court to grant summary judgment where, as here, a disputed material question of fact remains. (*Nussbaum v. Williams* (1980), 86 Ill. App. 3d 272, 277, 407 N.E.2d 1139; *Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 199, 380 N.E.2d 1040.) Hence, we are not precluded from determining that summary judgment for neither party is warranted by the record before us.

■ Finally, we affirm the denial of plaintiff's motion for attorney fees, costs and interest. Section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 767) permits an insured to recover reasonable attorney fees and costs in an action where there is an issue of liability on a policy if the court finds that there was an "unreasonable delay in settling a claim" and it appears that such delay is "vexatious and unreasonable." A trial court's determination on the issue of vexatious circumstances warranting an award of fees and costs will not be disturbed on review unless an abuse of discretion is demonstrated on the record. (*Fassola v. Montgomery Ward Insurance Co.* (1982), 104

314

Ill. App. 3d 825, 832, 433 N.E.2d 378.) In light of our holding above, that a question of fact exists as to defendant's liability under the subject policy, we find no abuse of discretion by the trial judge in its denial of attorney fees and costs. Moreover, inasmuch as the granting of summary judgment for plaintiff is reversed, no claim for interest can be allowed.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part, and the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part; remanded.

McGLOON and GOLDBERG, JJ., concur.