GEORGE MARTIN, Plaintiff-Appellant, v. FEDERAL LIFE INSURANCE
COMPANY, Defendant-Appellee.

First District (5th Division)   No. 85—0127

Opinion filed December 11, 1987.—Rehearing denied January 26, 1988.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (William
J. Holloway, Michael J. Leech, and Keith E. Graham, of counsel), for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (J. Robert Geiman and
Robert A. Seidel, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, George Martin, appeals from an order of the trial court granting defendant Federal Life Insurance Company's (Federal's) motion for summary judgment. We reverse and remand.

This is the second appeal in this case. Martin originally filed a three-count complaint against defendant Federal and its president, Joseph D. Austin, now deceased. On motion of the defendant, the complaint was twice stricken and Martin was granted leave to amend. Thereafter, Martin filed a second amended complaint which contained three counts: one, breach of contract and estoppel; two, breach of implied covenant of good faith and fair dealing; and three, tortious inducement of breach of contract. The essence of Martin's allegations against the defendant follows.

Martin began working for Federal in 1954 as personnel manager. During the ensuing years Martin was promoted to various positions and finally to second vice-president and senior officer. In 1967 Martin was offered an attractive job with a competing insurance company. Martin intended to accept the offer. Upon being informed thereof Joseph D. Austin, Federal's president, promised Martin that if he declined the offer he would keep Martin in Federal's employment until Martin retired or no longer wished to be employed at Federal, so long as Martin performed satisfactorily. Martin relied on Austin's promise, refused the competitor's offer and entered into an oral agreement for permanent employment with Federal. About nine years later, in 1976, Federal's board of directors made Martin company vice-president and a year later Martin was elected to the full board. A few weeks thereafter the executive committee fired Martin without cause.

Martin had been employed at Federal for 22 years and his discharge came 10 years after the aforesaid 1967 agreement for permanent employment. Martin contended that his discharge was instigated by Austin and that he was not charged with poor work or any wrongdoing. Martin further alleged that because of his discharge he was denied the job security for which he had bargained with Federal in 1967. Martin additionally alleged various ingredients of damages for his wrongful employment termination in 1977.

The trial court entered an order which granted the defendant's motion to dismiss Martin's second amended complaint. This dismissal order stated that the law in Illinois was that "mere continuance of an employee is not sufficient consideration to support an alleged oral contract for permanent employment," and that Martin had not alleged the required "separate, independent and substantial consideration" for a legal oral contract for permanent employment.

Martin appealed the order dismissing his second amended complaint. On his appeal, as to count I of Martin's amended complaint—breach of contract and estoppel—we stated:

"The primary issue before us is whether [Martin's] allegations of an oral agreement state a cause of action. Defendants view the employment agreement as a terminable at-will relationship that was legally terminated and maintain that the alleged agreement for "permanent" employment lacked sufficient consideration and mutuality of obligation. Alternatively, they contend that if a binding contract for permanent employment was formed, its enforcement is barred by the Statute of Frauds." *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 599, 440 N.E.2d 998.

We reviewed the law governing employment terminable at will, the requirement of consideration, the requirement of mutuality, and the requirement of writing, which were the only contentions raised by the defendants on that appeal. We concluded that the allegations of count I stated an action for breach of oral contract and that the Statute of Frauds was not a bar to enforcement. We reversed the trial court's dismissal of count I and, after reviewing and discussing the parties' contentions, we affirmed the trial court's dismissal of counts II and III. We remanded the cause for further proceedings and our decision became the law of the case.

On remand, Federal presented to the trial court, for the first time, a completely new and different response to Martin's amended count I for breach of contract and estoppel. On remand, Federal asserted for the first time that Martin's alleged employment contract was void and unenforceable under section 245 of the Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 857), which provides in pertinent part as follows:

*"No such domestic life company shall make any agreement with any of its officers, trustees or salaried employees whereby it agrees that for any services rendered or to be rendered he shall receive any salary, compensation or emolument, directly or indirectly, that will extend beyond a period of three years from the date of such agreement* except that payment of an amount not in excess of 20% of the salary of any of its officers, trustees, or salaried employees may by written agreement be deferred beyond such period of three years, which agreement may include conditions to be met by such officer, trustee, or salaried employee before payment will be made." (Emphasis added.)

On remand, Federal contended that Martin's alleged cause of action against Federal for breach of the employment contract was

predicated on an employment agreement between Federal, a domestic life insurance company, and Martin, an officer thereof, for compensation which extended beyond three years from the date of the agreement. Thus, Federal contended, the agreement was void and unenforceable under the aforementioned provision of the statute. Based thereon, Federal moved for summary judgment and the trial court granted the motion.

On this second appeal, Martin contends that, although the statute prohibits domestic life insurance companies from entering into contracts of employment with employees that will extend beyond three years, the statute does not prohibit employees from entering into such an agreement. Martin further contends that the statute does not prohibit employment contracts that *may* extend beyond three years and that the statute does not invalidate all such contracts. Additionally, Martin argues that the statute should not be construed to void his employment contract with Federal because he diligently and faithfully performed under the contract for an extended period of time, that the contract was a fairly bargained, arm's length transaction, that he and Federal obtained nothing more than a fair and reasonable bargain from the contract, that Federal reaped and enjoyed the benefits of the contract over a long period of time, that there was no evidence that Martin knew of the statute and its restrictions, and that he, therefore, was not *in pari delicto*. Therefore, Martin posits, the trial judge erred in granting Federal's motion for summary judgment.

■■ ■ Summary judgment should be granted with caution. The right to a trial on conflicting facts and inferences must not be usurped. Only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, clearly establish that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law, should summary judgment be granted. The moving party must show that his right to summary judgment is free from doubt. (*Elliott v. Chicago Title Insurance Co.* (1984), 123 Ill. App. 3d 226, 231, 462 N.E.2d 640.) On appeal from the entry of summary judgment a reviewing court will affirm only if, after scrutinizing the record, it is absolutely convinced that there is no genuine issue as to any material fact and that movant was, indeed, entitled to judgment as a matter of law. (See *Thompson v. Platt* (1983), 116 Ill. App. 3d 662, 452 N.E.2d 733.) In determining the propriety of entry of summary judgment, the reviewing court will take cognizance of the principle of law that the purpose of a motion for summary judgment is not to try the issues of fact, but, rather, the purpose of the motion is to determine whether genuine issues as to material fact exist. (See *Mc-*

*Carthy v. Johnson* (1983), 122 Ill. App. 3d 104, 460 N.E.2d 762.) Finally, in reviewing a summary judgment it is the reviewing court's function to determine whether the trial court correctly ruled that no genuine issue of material fact existed. See *Wahls v. Aetna Life Insurance Co.* (1983), 122 Ill. App. 3d 309, 461 N.E.2d 466.

In Martin's initial action in the trial court Federal did not raise or rely on the statute in Federal's motion to dismiss Martin's second amended complaint, or in a motion by Federal for summary judgment, or as Federal's defense to Martin's alleged claims. On Martin's first appeal in this court from the trial court's dismissal of his second amended complaint, Federal did not raise, cite, or rely on the statute as a ground for this court's affirmance of the trial court's dismissal order. As stated, Federal raised the statute for the first time after our reversal of the trial court's order of dismissal of count I of Martin's second amended complaint and our remandment of the cause to the trial court "for further proceedings."

■ A plaintiff is not permitted to pursue his various claims in a piecemeal or segmented fashion. Nor is a defendant permitted to assert various defenses to a claim in separate and segmented subsequent proceedings. A defendant is not entitled to a succession of opportunities to present varying challenges to the validity of the allegations against him in the trial and reviewing courts, as Federal has attempted here to do. Federal was obligated to present the statute as its defense to Martin's claim in the initial proceedings. Certainly Federal cannot be permitted to raise the statute for the first time in the trial court after we have decided the law of the case on the appeal before us and after our remand of the cause to the trial court for further proceedings.

■ A decision on appeal becomes the law of the case on remand to the trial court and on a subsequent appeal on those issues which were raised and decided on the initial appeal. There are two exceptions to the doctrine of the law of the case. The first exception is when a higher reviewing court, subsequent to the lower reviewing court's decision, makes a contrary ruling on the same issue. The second exception allows the reviewing court to depart from the doctrine of the law of the case if the court finds that its prior decision was palpably erroneous. *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 689, 504 N.E.2d 920.

*Stallman* also involved a second appeal. In the first appeal, *Stallman v. Youngquist* (1984), 129 Ill. App. 3d 859, 473 N.E.2d 400, we reversed the trial court's order dismissing count II of plaintiff's second amended complaint and held that plaintiff stated a cause of action in

negligence. We remanded the cause to the trial court to determine the facts. On remand the trial court granted defendant's motion for summary judgment on count II. Stallman again appealed. On this second appeal we held:

"We must next determine whether we are bound by our holding in *Stallman I*. ***

Where the evidence on a subsequent appeal is the same as that on the first or prior appeal, or substantially so, the adjudications of the prior appeal become the law of the case. (*Hammer v. Slive* (1962), 35 Ill. App. 2d 447, 450, 183 N.E.2d 49, 50.) When there is such an [identity] of particular issues, facts, and evidence from the first to the second appeal, the decision of the prior appeal is binding on us on a second appeal, regardless of whether our prior decision was right or wrong. (*Weiland Tool & Manufacturing Co. v. Whitney* (1968), 100 Ill. App. 2d 116, 124, 241 N.E.2d 533, 538, *rev'd on other grounds* (1969), 44 Ill. 2d 105, 251 N.E.2d 242, quoted in *Yonan v. Oak Park Federal Savings & Loan Association* (1975), 27 Ill. App. 3d 967, 970-71, 326 N.E.2d 773, 776.)

There are two exceptions, however, to the doctrine of law of the case. The first is where the supreme court, following the first appeal, makes a contrary ruling on the precise issues of law on which the appellate court had based its prior decision. The second exception allows the appellate court to find that its prior decision was palpably erroneous, but only when the court remanded the case for a new trial of all the issues. The rationale for the second exception is that the appellate court, on the second appeal, actually would be reaching a different decision based on a new and different trial."[1] *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 689, 504 N.E.2d 920.

■ We need not here repeat the analysis leading to our conclusion or our holding on the prior appeal. Our holding that Martin stated a cause of action was the end product of our careful review of the record

---

[1]The court in *Stallman II* in holding that the second exception to the doctrine of the law of the case applied stated that, "The trial court made no factual determination in *Stallman I*; we reviewed only on the sufficiency of the pleadings and remanded the cause to the trial court for a factual determination. We expressly gave the parties an opportunity to have a trial and to develop a new record. We conclude, therefore, that we may abandon our holding in *Stallman I* insofar as it recognized the parent-child tort immunity doctrine in Illinois." The second exception to the doctrine of the law of the case is not applicable to the case at bar and therefore we do not abandon our holding in the first appeal.

on appeal and our analysis of the applicable legal principles. It is not suggested that our holding was erroneous, and neither exception to the doctrine of the law of the case is applicable. The doctrine of the law of the case therefore precludes our reconsideration of whether the statute voided or was applicable to the agreement between Martin and Federal.

The trial court erred in entering summary judgment for Federal. Accordingly, we reverse the trial court's entry of summary judgment and we again remand the cause for further proceedings.

Reversed and remanded.

LORENZ and MURRAY, JJ., concur.