[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO VACATE/CONFIRM ARBITRATIONAWARD PLEADING #105
The issue before the court is whether to confirm or vacate an arbitration award made pursuant to a compulsory arbitration clause in an automobile insurance contract. The facts as alleged in the pleadings are as follows. The plaintiff, Paul Morello, sought recovery through arbitration for uninsured motorist coverage under a policy issued by defendant American National Fire Insurance Company. The arbitration panel refused to consider plaintiff's potential recovery under the uninsured motorist coverage of a second policy the plaintiff held on a second vehicle he owned. Both policies were issued by subsidiaries of the parent company, Great American Insurance Companies. The first CT Page 10323 policy, No. SDS1573660, was issued by the defendant, American National Fire Insurance Company. This policy covered the vehicle that the plaintiff owned and was operating at the time he was seriously injured in an auto accident on August 9, 1991. The second policy, No. AVP5-27-61-06, was issued by Great American Insurance Company. Each policy provided $300,000 of uninsured motorist coverage.
The American National Fire Insurance Company policy contains an "other insurance" clause which states: "If there is other applicable similar insurance, we will pay only our share of the loss. Our share is that proportion that our limit of liability hears to the total of all applicable limits." The Great American Insurance Company policy contains an identical clause. The policy issued by American National Fire Insurance Company provides that coverage issues must be resolved through arbitration. The Great American Insurance Company policy, however, provides that a lawsuit must be brought to resolve coverage issues.
The plaintiff made a demand for arbitration under policy No. SDS1573660, issued by American National. The panel ruled unanimously that under that policy, No. SDS1573660, the respondent insurance company must pay the claimant Morello the policy limit of $300,000 less the previously paid basic reparations benefit of $5,000, for a total award of $295,000. The second policy, No. AVP5-27-61-06, issued by Great American Insurance Company and entitled "Antique and Collectible Vehicle Policy" was not considered by the arbitration panel in rendering its decision. Accordingly, the arbitrators refused to address the issue of proration amongst the policies.
ARGUMENTS
The defendant argues that the arbitrators failed to apply the plain language of the aforementioned "other insurance" clause contained in the American National Fire Insurance Policy and therefore erred in not determining the issue of proration. The defendant claims that American National Fire Insurance Company should only be held liable for 50% of the amount awarded by the arbitration panel. The plaintiff counters that the policies at issue were written by different subsidiaries sharing the same parent company and the plaintiff should not be harmed by the imposition of artificial proration rules. The plaintiff further argues proration could conceivably work an injustice upon him since counsel for Great American Insurance Companies has stated CT Page 10324 that coverage should be denied under policy No. AVP5-27-61-06 while seeking proration under policy No. SDS1573660.
DISCUSSION
General Statutes § 38a-336(c) provides in pertinent part that "each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." In the present case, plaintiff's policy No. SDS1573660 contains a provision for binding arbitration. The parties engaged in compulsory arbitration, and the panel unanimously arrived at a final determination concerning the issue of coverage on this policy.
"Where judicial review of compulsory arbitration proceedings required by § 38-175c(a)(1) [the uninsured motorist statute] is undertaken under General Statutes § 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." Bodner v. UnitedStates Services Automobile Assn., 222 Conn. 480, 486,610 A.2d 1212 (1992), quoting American Universal Ins. Co. v. DelGreco,205 Conn. 178, 191, 530 A.2d 171 (1987). "Factual findings of an arbitration panel considering underinsured motorist coverage are subject to de novo review by the courts using a substantial evidence standard of judicial review." Rydingsword v. LibertyMutual Insurance Co., 224 Conn. 8, 21, 615 A.2d 1032 (1992).
In the present case, the proration sought by the defendant is based upon the "other insurance" clause of policy No. SDS1573660. The plaintiff opposes proration on the grounds that policy No. SDS1573660 and policy No. AVP5-27-61-06 were written by different subsidiaries of the same parent company, American International Insurance Companies, thus causing the "other insurance" clause and the principle of proration to become inapplicable.
"The apparent purpose of `other insurance' clauses is to make certain that one company does not pay a disproportionate amount of a loss which is to be shared with another company. There is no purpose in proration unless the `other insurance' is written by another company." United Sec. Ins. Co. v. Mason, 376 N.E.2d 653,656, Ill. App.3d 982, 17 Ill. Dec. 507 (1978) (emphasis in original); 8C JJ Appleman, Insurance Law and Practice § 5202.45 n1 (1981). Therefore, the "other insurance" clause in CT Page 10325 policy No. SDS1573660, which was written by a subsidiary of Great American Insurance Companies, does not limit liability since the other policy relevant to the plaintiff's recovery, policy No. AVP5-27-61-06, was also written by a subsidiary of Great American Insurance Companies. The cases cited by the defendant are inapposite because those cases concerned proration amongst policies written by separate and competing companies.
The Motion to Vacate the Arbitration Award is denied and the award is confirmed.