HARBOR INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellee, v. TISHMAN CONSTRUCTION COMPANY *et al.*, Defendants and Counterplaintiffs-Appellants (La Salle National Bank, as Trustee, *et al.*, Defendants).

First District (5th Division) Nos. 1—89—0557, 1—89—0586, 1—89—0627, 1—89—0628, 1—89—0654, 1—89—0696, 1—89—0786 cons.

Opinion filed August 30, 1991.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Charles B. Brown, Michael A. Pollard, and Kathleen F. MacLennan, of counsel), for appellant Tishman Construction Corporation of Illinois.

Katten, Muchin & Zavis, of Chicago (Francis X. Grossi, Jr., Alexander R. Rothrock, Daniel A. Kaufman, and Timothy J. Moore, of counsel), for appellants Tishman Construction Company, Tishman Liquidating Corporation, and Teeco Properties, L.P.

Carmen V. Speranza, Donald J. Veverka, and C. Kent Frederick, all of Chicago, for appellant Crouch-Walker Corporation.

William J. Furey and Michael G. Thomas, both of Cassiday, Schade & Gloor, of Chicago, for appellant Economy Mechanical Industries, Inc.

Robert A. Carson and Barry S. Hyman, both of Gould & Ratner, of Chicago, for appellant Material Service Corporation.

Steven J. Harper and Susan P. Jordan, both of Kirkland and Ellis, of Chicago, for appellant Skidmore, Owings & Merrill.

Thomas W. Conklin, Linda E. Unger, and Renee S. Levitt, all of Conklin & Roadhouse, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

This case involves an appeal of a grant of summary judgment to Harbor Insurance Company, awarded in a declaratory judgment action to determine Harbor's liability to defend and indemnify various named insureds under a policy relating to the construction of the Apparel Center and Parking Garage.[1] Harbor Insurance Company (Harbor) filed a declaratory judgment action in the circuit court of Cook County seeking a ruling that it had no obligation to defend or indemnify any of the parties insured under two Harbor policies (Nos. GLA 006405 and GLA 006249), who were named as defendants in an action for damages and defects to property resulting from construction of the Apparel Center and Parking Garage. *La Salle National Bank v. Skidmore, Owings & Merrill*, No. 86 L 19173 consolidated with No. 86 L 19633 (hereinafter referred to as the underlying action).

One of the original defendants, Tishman Construction Company, Tishman Liquidating Corporation, Teeco Properties, L.P. and Tishman Construction Corporation of Illinois (Tishman) (as previously noted, the Tishman entities are no longer involved in this litigation), filed a counterclaim and moved for partial summary judgment on the issue of insurance coverage for the underlying action. Defendant Economy Mechanical Industries, Inc. (Economy Mechanical) (a remaining party in the case at bar), also moved for summary judgment on similar grounds.

---

[1] Initially, this suit involved appeals under two separate policies (Nos. GLA 006405 and GLA 006249) issued by Harbor. However, on August 5, 1991, this court was advised that both the Tishman entities (Tishman Construction Company, Tishman Liquidating Corporation, Teeco Properties, L.P., and Tishman Construction Corporation of Illinois) and Crouch-Walker had settled their claims with Harbor. Therefore, their claims have been dismissed and are not affected by this opinion. (Policy GLA 006249, which covered Crouch-Walker exclusively, is also no longer at issue.)

The trial court denied both of these motions on August 9, 1988, and on February 3, 1989, entered summary judgment in Harbor's favor as to all parties, ruling that Harbor had no duty to provide a defense for or indemnity to any of the defendants claiming to be insureds under the aforementioned policies. All of the named defendants appealed.

The principal issue presented for review is whether the trial court improperly granted Harbor's motion for summary judgment, holding as a matter of law that Harbor had no duty either to defend or to indemnify any of the named insureds.

Harbor issued its general liability policy to Wolf Point Projects and La Salle National Bank, as trustee under trust No. 36223, the owner of the Apparel Center and Parking Garage. The policy provided comprehensive general liability and contractual liability insurance coverage, including completed operations coverage, with effective dates of March 18, 1974, to March 18, 1978 (policy GLA 006405). The named insureds on the policy were all contractors and subcontractors working on the Apparel Center Project. The Harbor policy provided liability coverage subject to various exclusions and endorsements, one of which, the "Broad Form Property Damage (BFPD) Endorsement," contains two critical exclusions which are at issue in the current litigation and will be discussed below.

On August 26, 1986, La Salle National Bank (La Salle) filed an action in the circuit court of Cook County against the various parties who performed construction work on the Apparel Center and Parking Garage. La Salle alleged that it suffered damages as a result of various design and construction defects that allegedly occurred during the course of the construction, and named the construction manager (Tishman), the architect/engineer (Skidmore, Owings) and various subcontractors (James McHugh Construction Co., Crouch-Walker Corporation, Material Service Corporation, Economy Mechanical Industries, and Flood Testing Laboratories) in its suit for damages.

La Salle alleged that the contractors and subcontractors had breached their contractual duties and were liable for alleged design and construction defects, as well as faulty workmanship in the construction of the Apparel Mart and Parking Garage. Among the defects alleged by La Salle are mislocation of a structural beam and its bearing pad, structural failure of the northwest corner of the parking garage, severe cracking and distress in the masonry wall and brick facade, inadequate expansion joints and bearings in the brick facade, defective roof flashings, defective installation and securing of insulation and firesafing, delamination and spalling of the topping slab throughout the parking garage, and inadequate and improper design and con-

struction of the parking garage surface. These defects are alleged to have been caused by the faulty workmanship of the contractors and subcontractors performing work on the project. In its lawsuit, La Salle sought to recover sums allegedly spent in repair and restoration work to put the property in the condition it would have been in had the defendants fully performed in accordance with their contracts.

The various named contractors and subcontractors tendered the defense of the La Salle lawsuit to Harbor, which reserved its rights under the terms, conditions, and exclusions of the Harbor policies. On May 12, 1987, Harbor filed a declaratory judgment action in the circuit court of Cook County seeking a ruling that it was not obligated to defend or indemnify those entities claiming to be insureds under the two Harbor comprehensive general liability policies. As a basis for denying coverage, Harbor relied primarily on two exclusions contained in the BFPD Endorsement. These exclusions provide, in pertinent part:

"This insurance does not apply:

(y) to property damage *** (2) *** to *** (d) that particular part of any property, not on premises owned by or rented to the insured ***. ***

(iii) the restoration, repair or replacement of which has been made or is necessary by reasons of faulty workmanship thereon by or on behalf of the insured [hereinafter referred to as the Faulty Workmanship Exclusion];

(z) *** to property damage to work performed by the named insured arising out of the work or any portion thereof, or out of the materials, parts or equipment furnished in connection herewith." (Hereinafter referred to as the Work by the Insured Exclusion.)

The trial court granted Harbor's motion for summary judgment in the declaratory judgment action, finding that based on the above exclusions, Harbor indeed had no duty to defend or indemnify any of the named defendants in the La Salle action. All of the named defendants appealed.

The Illinois Code of Civil Procedure provides that summary judgment may be granted when there are no genuine issues of material fact. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) Thus, in the case at hand, the trial court's grant of summary judgment would only be proper if there were no genuine issues of material fact as to Harbor's duty either to defend or indemnify all of the named defendants.

Harbor contends that based on the policy at issue, it is clearly not obligated to either defend or indemnify any of the named insureds.

Harbor relies on our supreme court's decision in *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872, and the two exclusionary clauses (the Faulty Workmanship Exclusion and the Work by the Insured Exclusion) to support this argument. Defendant insureds maintain both that *Brochu* is inapplicable, as it does not interpret identical exclusionary clauses, and also that based on the La Salle complaint and the exclusionary clauses at issue, there is potential for coverage of the claims made against them, and at the very least, that the clauses at issue are ambiguous.

The trial judge agreed with Harbor's reliance on *Brochu*. In denying coverage under the policy, the trial court stated:

"It is well established law in Illinois that damages for the repair, restoration and replacement of a defective work product or faulty workmanship are excluded under a comprehensive general liability policy, citing *Western Casualty v. Brochu*, 105 Ill. 2d 486. In the underlying action, La Salle National Bank as trustee seeks damages for restoration of and repair work made necessary by the insured's faulty workmanship. The specific allegations of the third amended complaint all relate to faulty workmanship and structural or construction defects to the building itself or portions of the building rather than to any acceptable [*sic*] property damage. Therefore, pursuant to the *Brochu* and *Qualls* cases, 123 Ill. App. 3d 831, there is no potential for coverage for the underlying action as the claimed damages arise from alleged defective work and faulty workmanship, which is clearly excluded under the subject, Harbor policy."

Defendants contend that both Harbor's and the trial court's reliance on *Brochu* is misplaced, because in *Brochu*, our supreme court did not interpret a BFPD clause containing the Work by the Insured and Faulty Workmanship Exclusions which are at issue here. Rather the *Brochu* court interpreted two different exclusions, (n) (which excluded property damage to the named insured's work) and (o) (which excluded property damage to work performed by or on behalf of the named insured). That the *Brochu* court relied on language entirely different from that in the Harbor policy is supported by the plain language of the case itself. (*Brochu*, 105 Ill. 2d at 495, 475 N.E.2d at 876.) Although Harbor cites additional cases which also rely on *Brochu*, these cases all contain the (n) and (o) clauses, which are not at issue in the policy at hand. See *Great Southwest Fire Insurance Co. v. Greenlee* (1985), 134 Ill. App. 3d 816, 481 N.E.2d 28; see also *Qualls v. Country Mutual Insurance Co.* (1984), 123 Ill. App. 3d 831, 462 N.E.2d 1288.

Illinois courts have not yet interpreted the Work by the Insured Exclusion, found in the BFPD Endorsement of Harbor's insurance policies. At issue in the construction of this clause is the phrase, "damage to work performed by the named insured arising out of the work, or any portion thereof, or out of the materials, parts or equipment furnished in connection therewith." Defendants in the underlying action maintain that this clause excludes damage to the work of the insured when such damage is caused by the insured himself, but not when the damage is caused by someone other than the insured, such as a subcontractor. They further allege that damages claimed by La Salle are not covered by this exclusion as they do not involve damage by the insured to his own work.

■ The courts that have reviewed this clause have construed it in one of two ways. *Fireguard Sprinkler Systems, Inc. v. Scottsdale Insurance Co.* (9th Cir. 1988), 864 F.2d 648, interpreted an identical clause and found that this clause, which does exclude property damage to work by the insured from coverage, does not exclude property damage to work performed "on behalf of the insured" from coverage. The *Fireguard* court further stated that the absence of the "on behalf of the insured" language was critical to the parties' intent to broaden the coverage provided to the named insured, as it assured that the exclusion applied only to damages caused by the named insured to his own work, and not to damages to the insured's work or a subcontractor's work that arose from the subcontractor's work. (*Fireguard,* 864 F.2d at 652; see also *Southwest Louisiana Grain, Inc. v. Howard A. Duncan, Inc.* (La. App. 1983), 438 So. 2d 215 (in which the Louisiana Court of Appeals distinguished between the insurance coverage provided by exclusionary clauses with and without the "on behalf of" language), *writs denied* (La. App. 1983), 441 So. 2d 1224. But see *Knutson Construction Co. v. St. Paul Fire & Marine Insurance Co.* (Minn. 1986), 396 N.W.2d 229 (which relied on *Bor-Son Building Corp. v. Employers Commercial Union Insurance Co. of America* (Minn. 1982), 323 N.W.2d 58, and determined that exclusionary clauses with and without the "on behalf of" language should be interpreted identically in favor of the insurer).) In the absence of a construction of this clause by our supreme court, we find the reasoning in *Fireguard* persuasive and determine that the deletion of the "on behalf of" language from the Work by the Insured Exclusion does indeed narrow the scope of such exclusion. Such argument is buttressed by the additional cost of this revised wording to the insured.

Just as no Illinois courts have construed the Work by the Insured Exclusion, neither have they construed the Faulty Workmanship Ex-

clusion. The most persuasive authority in this regard is the recent decision of *W.E. O'Neil Construction Co. v. National Union Fire Insurance Co.* (N.D. Ill. 1989), 721 F. Supp. 984. In this case, the district court, in construing Illinois law and the Faulty Workmanship Exclusion, recognized the distinction between defect and resulting damage. This distinction was raised by defendant insureds in their assertions that their claims were not excluded under the Faulty Workmanship Exclusion. The defendants maintained that what was excluded by the Faulty Workmanship Exclusion was repair to their own faulty work product and not consequential or resulting damage to the building as a whole. Although both Harbor and the trial judge reject this argument (and instead rely on the reasoning of the *Brochu* court, which as already mentioned construes different clauses), it is indeed tenable, and is supported not only by the *O'Neil* decision, but also by other Illinois case law, which does deal with the defect damage distinction though not within the context of the BFPD Endorsement. See *Elco Industries, Inc. v. Liberty Mutual Insurance Co.* (1977), 46 Ill. App. 3d 936, 938, 361 N.E.2d 589. See also *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64 (USF&G) (in which this court supported the rationale behind the defect damage distinction, holding that recovery for the costs of the removal, repair and/or replacement of asbestos-containing products was not precluded by a clause excluding damage to the insured's own work. Because such costs were potentially covered by the policy at issue, our supreme court determined that the trial court's grant of summary judgment on the duty to defend was inappropriate).

■ As noted by the court in *USF&G*, if the underlying complaint alleges facts within or potentially within the policy coverage, the insurer is obliged to defend its insured. Since there is no settled Illinois case law regarding the construction of either of the two exclusionary clauses at issue in this case (*USF&G* does not construe a BFPD Endorsement), and since the case relied upon by the trial judge does not contain identical language to that which is at issue here, the grant of summary judgment on the question of duty to defend was an inappropriate remedy to the problem at hand. Only after all genuine issues of material fact relating to the cause of the alleged damage are resolved can it be determined whether all or any of the damages fall within the exclusionary clauses at issue.

Because we conclude that neither of the exclusionary clauses at issue precludes coverage to defendants, we reverse the trial court's grant of summary judgment to Harbor on the issue of duty to defend. We do not address the duty to indemnify, as this obligation may only

be determined after a trial on the merits. Since the trial court granted Harbor's motion for summary judgment, it had no occasion to consider the conflict of interest issue raised by defendants which they claim entitles them to direct their defense and appoint counsel. Since we reverse and remand on the issue of duty to defend for the reasons set forth above, we further direct the trial court to address this issue in connection with the further proceedings in this matter.

Reversed and remanded.

GORDON and GREIMAN, JJ., concur.