CONTINENTAL INSURANCE COMPANY, Real Party in Interest in Place of Harbor Insurance Company, Plaintiff-Appellant and Plaintiff-Appellee, v. SKIDMORE, OWINGS AND MERRILL *et al.*, Defendants-Appellees (Economy Mechanical Industries, Inc., *et al.*, Defendants-Appellees and Defendants-Appellants).

First District (5th Division)   Nos. 1—93—2448, 1—93—3249 through 1—93—3251 cons.

Opinion filed March 24, 1995.—Rehearing denied April 20, 1995.

Conklin & Roadhouse, of Chicago (Thomas W. Conklin, Renee S. Levitt, and Diane Karp, of counsel), for appellant.

Kirkland & Ellis, of Chicago (Craig A. Knot, of counsel), for appellee Skidmore, Owings and Merrill.

Pedersen & Houpt, of Chicago (Donald J. Moran, of counsel), for appellee James McHugh Construction Company.

Gould & Ratner, of Chicago (Barry S. Hyman, of counsel), for appellee Material Service Corporation.

Cassiday, Schade & Gloor, of Chicago (Lynn D. Dowd, of counsel), for appellee Economy Mechanical Industries, Inc.

Gardner, Carton & Douglas, of Chicago (William H. Anderson, of counsel), for appellee McNulty Brothers Company.

Torshen, Schoenfield & Spreyer, of Chicago (Abigail K. Spreyer, of counsel), for appellee Flood Testing Laboratories, Inc.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Plaintiff Continental Insurance, as real party in interest in place of Harbor Insurance, filed a complaint for declaratory judgment denying any liability to defend or indemnify defendants under their insurance policies. In its amended complaint, plaintiff denied coverage, and any duty to defend, because (1) the underlying complaint was not covered under the liability language of the policy, (2) plaintiff's excess insurance coverage was in excess above other collectible insurance by defendants, and (3) the application of exclusion clauses (y) and (z). The trial court granted plaintiff's motion for summary judgment solely under theory (3), and the trial court's decision was reversed and remanded by this court in *Harbor Insurance Co. v. Tishman Construction Co.* (1991), 218 Ill. App. 3d 936, 578 N.E.2d 1197. On remand, plaintiff sought to litigate theories (1) and (2) and to present a second amended complaint which also contained exclusion clauses (a), (m), and (n), among other issues, which plaintiff alleged denied coverage to the defendants. However, the trial court held that the opinion of *Harbor* required that defendants be granted judgment on the issue of duty to defend, which is the substance of plaintiff's appeal. The trial court also denied attorney fees to defendants which resulted from the declaratory judgment action, a decision which defendant Flood Testing Laboratories, Inc. (Flood), has also appealed in this consolidated proceeding.

We affirm.

Plaintiff filed its amended action for declaratory judgment on November 16, 1987. The plaintiff alleged that the underlying complaint against defendants was for damage resulting from faulty workmanship, damage which was not covered under the language of the policy. Plaintiff also stated that exclusion clauses (y) and (z) negated any coverage or duty to defend by plaintiff for such alleged damage. These exclusions provided, in pertinent part:

"This insurance does not apply:

(y) to property damage *** (2) *** to ***

(d) that particular part of any property, not on premises owned by or rented to the insured ***

(iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured[;]

(z) *** to property damage to work performed by the named insured arising out of the work or any portion thereof, or out of the materials, parts, or equipment furnished in connection therewith."

Lastly, plaintiff alleged that its excess insurance policy was in

excess above other collectible insurance coverage by defendants. The contract provided:

> "The insurance afforded by this endorsement shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the insured ***."

On November 1, 1988, plaintiff moved for summary judgment based on exclusion clauses (y) and (z), and the motion was granted on February 3, 1989. This court reversed and remanded in *Harbor*, stating:

> "Since there is no settled Illinois case law regarding the construction of either of the two exclusionary clauses at issue in this case ***, the grant of summary judgment on the question of duty to defend was an inappropriate remedy to the problem at hand. Only after all genuine issues of material fact relating to the cause of the alleged damage are resolved can it be determined whether all or any of the damages fall within the exclusionary clauses at issue.
>
> Because we conclude that neither of the exclusionary clauses at issue precludes coverage to defendants, we reverse the trial court's grant of summary judgment to Harbor on the issue of duty to defend. We do not address the duty to indemnify, as this obligation may only be determined after a trial on the merits. Since the trial court granted Harbor's motion for summary judgment, it had no occasion to consider the conflict of interest issue raised by defendants which they claim entitles them to direct their defense and appoint counsel. Since we reverse and remand on the issue of duty to defend for the reasons set forth above, we further direct the trial court to address this issue in connection with the further proceedings in this matter." (*Harbor*, 218 Ill. App. 3d at 942-43.)

Appeal to the Illinois Supreme Court was denied. *Harbor Insurance Co. v. Tishman Construction Co.* (1991), 142 Ill. 2d 654, 584 N.E.2d 129.

On remand in May of 1992, all defendants filed motions in the trial court to enforce the appellate court ruling by compelling plaintiff to pay defense costs for the underlying action. Plaintiff answered and also asked the court for leave to file its second amended complaint. This second amended complaint reiterated plaintiff's earlier defenses and also alleged that other issues, such as exclusion clauses (a), (m), and (n), negated any coverage or duty to defend. These newly presented clauses excluded from coverage:

> "(a) *** liability assumed by the insured under any contract or agreement except an incidental contract ***[;]
>
> (m) *** loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or

(2) the failure of the named insured's products or work performed *** to meet the level of performance, quality, fitness, or durability warranted or represented by the named insured ***[;]

(n) *** property damage to the named insured's products or any part of such products."

On June 23, 1992, the trial court held that, as a result of the appellate court's opinion, all issues relating to the duty to defend had been resolved against plaintiff and in favor of defendants. On June 2, 1993, the trial court issued an order granting judgment on set amounts for the defendant's fee petitions, and on June 28, 1993, the trial court denied plaintiff's post-trial motion for reconsideration. The orders of June 23, 1992, June 2, 1993, and June 28, 1993, form the basis of appeals Nos. 1—93—2448 and 1—93—3249.

Defendant Flood also petitioned against plaintiff for fees incurred in connection with the declaratory judgment action. On June 2, 1993, the trial court granted plaintiff's motion to deny any obligation to Flood for fees incurred in the declaratory judgment action, and Flood's appeal on this issue is appeal No. 1—93—3250. In its notice of appeal, Flood also challenges the trial court's order of August 12, 1993, denying any indemnification of damages by plaintiff, but Flood has not briefed this issue on appeal. Defendant Economy Mechanical Industries, Inc. (Economy), has filed appeal No. 1—93—3251, but has failed to file an opening brief, and thus plaintiff has filed a motion to strike this appeal.

OPINION

I

█ We believe the trial court was correct in ruling that our *Harbor* decision mandated that plaintiff had a duty to defend. As to the matters contained in the plaintiff's original complaint, our decision in the first appeal is final as to those issues. The law of the case mandates that we follow that first decision and not let the plaintiff relitigate this issue. Under this doctrine, a court is bound by its prior rulings of law in opinions or orders in the same case unless the facts require a different interpretation. (*People v. Young* (1994), 263 Ill. App. 3d 627, 633, 635 N.E.2d 473.) The rule of the law of the case is a rule of practice, based on sound policy that, where an issue is once litigated and decided, that should be the end of the matter and the unreserved decision of a question of law or fact made during the

course of litigation settles that question for all subsequent stages of the suit. (*Heller Financial, Inc. v. Johns-Byrne Co.* (1994), 264 Ill. App. 3d 681, 694, 637 N.E.2d 1085.) The Illinois Supreme Court has stated:

" 'Where the Appellate Court *** on the first appeal to it, announces a particular view of the law governing the case and reverses and remands the case for further proceedings in accordance with the views announced, if the case is again brought before such court for review the former decision is binding on the court making it, and the questions decided and determined by it on the first appeal are not open for re-consideration on the second appeal.' " *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 312, 427 N.E.2d 563, quoting *Zerulla v. Supreme Lodge Order of Mutual Protection* (1906), 223 Ill. 518, 520, 79 N.E. 60.

In the first appeal in this matter, this court held:

"[W]e reverse the trial court's grant of summary judgment to Harbor on the duty to defend. We do not address the duty to indemnify, as this obligation *may only be determined after a trial on the merits.*" (Emphasis added.) (*Harbor*, 218 Ill. App. 3d at 942-43.)

If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 73, 578 N.E.2d 926.) Because our last opinion mandated a trial on the merits for the duty to indemnify, the defendants must have been potentially within the policy coverage to make that trial necessary. Thus, we conclude that all issues relating to the duty to defend were resolved in our first opinion. The trial court had no authority to act beyond the dictates of the mandate (*PSL Realty*, 86 Ill. 2d at 309), and the law of the case requires us, as it did the trial court, to find that the plaintiff had a duty to defend.

The next issue is whether the plaintiff should have been allowed on remand to present its second amended complaint alleging that other exclusion clauses precluded any duty to defend. We hold that the law of the case also prevents the plaintiff from litigating any new policy exclusions. Ordinarily, an amendment should not be allowed where the matters asserted were known by the moving party at the time the original pleading was drafted and for which no excuse is offered in explanation of the initial failure. (*Trans World Airlines, Inc. v. Martin Automatic, Inc.* (1991), 215 Ill. App. 3d 622, 628, 575 N.E.2d 592.) Considering that the entire matter of the applicability of policy exclusions was up on appeal, plaintiff had the obligation to present all exclusions in one setting. Questions of law actually

determined in a previous appeal are binding. (*Filipetto v. Village of Wilmette* (1993), 254 Ill. App. 3d 461, 466, 627 N.E.2d 60.) We conclude that *Harbor* established the inapplicability of policy exclusions, and its holding on that issue became the law of the case.

We believe the case of *Martin v. Federal Life Insurance Co.* (1987), 164 Ill. App. 3d 820, 518 N.E.2d 306, to be controlling in this matter. *Martin* stated:

"A plaintiff is not permitted to pursue his various claims in a piecemeal or segmented fashion. Nor is a defendant permitted to assert various defenses to a claim in separate and segmented subsequent proceedings. A defendant is not entitled to a succession of opportunities to present varying challenges to the validity of the allegations against him in the trial and reviewing courts, as Federal has attempted here to do. Federal was obligated to present the statute as its defense to Martin's claims in the initial proceedings. Certainly Federal cannot be permitted to raise the statute for the first time in the trial court after we have decided the law of the case on the appeal before us and after our remand of the cause to the trial court for further proceedings." (*Martin*, 164 Ill. App. 3d at 824.)

Similarly, we do not believe that plaintiff in this matter should be able to assert its various defenses in separate and segmented subsequent proceedings. As our supreme court has said:

"There must be an end to litigation. This case appears to be interminable, and will certainly prove to be so if the various courts through which it passes consider and reconsider each question several times." (*PSL Realty*, 86 Ill. 2d at 313.)

We have already considered the applicability of exclusion clauses in this insurance contract, and the law of the case requires us to decline to reconsider the issue on this appeal.

II

■ In appeal No. 1—93—3250, defendant Flood argues that plaintiff should have granted Flood its expenses incurred in the declaratory judgment action. As Flood admits, this court has repeatedly rejected its argument: *Society of Mount Carmel v. National Ben Franklin Insurance Co.* (1994), 268 Ill. App. 3d 655; *Brotherhood Mutual Insurance Co. v. Roseth* (1988), 177 Ill. App. 3d 443, 453, 532 N.E.2d 354; and *Preferred Risk Mutual Insurance Co. v. United States Fidelity & Guaranty Co.* (1979), 77 Ill. App. 3d 266, 271, 395 N.E.2d 1180. The court in *Society of Mount Carmel* stated, "This rule denying the award of fees is consistent with the general rule that the successful party may not recover attorney fees or costs in the absence of a statute or an agreement between the parties to that effect." *Society of Mount Carmel*, 268 Ill. App. 3d at 676.

Flood requests that we follow the trend of Federal courts and other courts to allow it to recover all of its expenses. The doctrine of *stare decisis* is the means by which courts ensure that the law will not merely change erratically, but will develop in a principled and intelligent fashion. (*Chicago Bar Association v. Illinois State Board of Elections* (1994), 161 Ill. 2d 502, 510, 641 N.E.2d 525.) We find *stare decisis* to be particularly compelling where this court has so recently examined this issue in *Society of Mount Carmel* and upheld our past views. Thus, we reject Flood's invitation to reconsider this matter and affirm the trial court's denial of attorney fees.

■ Flood has waived its indemnification contention by making no argument to support its belief in its brief. Supreme Court Rule 341(e)(7) (145 Ill. 2d R. 341(e)(7)) provides that the appellant's brief shall contain the contentions of the appellant and the reasons thereof, with citations of authorities. Thus, Flood has waived this argument on appeal. *Pyskaty v. Oyama* (1994), 266 Ill. App. 3d 801, 822, 641 N.E.2d 552; *Blomquist v. Kent* (1994), 264 Ill. App. 3d 331, 335, 636 N.E.2d 850.

## III

■ Finally, Economy has waived its appeal by not filing any brief. Supreme Court Rule 341(e)(7) (145 Ill. 2d R. 341(e)(7)) requires that the appellant provide a brief to support its arguments. Plaintiff's motion to strike the appeal is granted.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GORDON and McNULTY, JJ., concur.