JAMES FOSTER, Adm'r of the Estate of Patrice Foster, Deceased, Plaintiff-Appellant, v. RAO KANURI, Defendant-Appellee.

First District (1st Division)   No. 1—94—0658

Opinion filed June 9, 1997.

Callahan, Fitzpatrick, Lakoma & McGlynn, of Oak Lawn (William F. Fitzpatrick, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (Michael J. Morrissey, Jennifer A. Keller, and Carolyn Quinn, of counsel), for appellee.

JUSTICE BRADEN[1] delivered the opinion of the court:

Plaintiff, James Foster, administrator of the estate of Patrice Foster, deceased, appeals from a January 24, 1994, order awarding defendant, Rao Kanuri, M.D., a setoff in the amount of $2,750,000 against a judgment entered against defendant in an earlier proceeding. Plaintiff argues that (1) the setoff formula used by the trial court on remand is inconsistent with this court's prior opinion in *Foster v. Kanuri*, 241 Ill. App. 3d 677, 608 N.E.2d 8 (1992); (2) that the wrongful death claims of the surviving spouse and minor son should have been treated as two separate and distinct claims for setoff purposes; and (3) that the apportionment adopted by the parties for allocating the pretrial settlements should have been used in determining the setoffs.

The facts relevant to the appeal are as follows. Decedent, Patrice Foster, died after undergoing a dilation and curettage procedure at Humana Hospital. She was survived by her minor son, Daniel, and husband, James Foster. James Foster commenced a medical malpractice action against multiple defendants: Joseph Ptasinski (Ptasinski); Northwest Physicians for Women, S.C. (Northwest Physicians); Humana Hospital; and defendant-appellant, Rao Kanuri, M.D.

Humana Hospital settled the claims against it prior to trial for $750,000. The trial court entered a good-faith finding in the settlement. Plaintiff then filed a motion for distribution of settlement proceeds. The trial court approved the settlement, finding that James Foster and Daniel Foster were decedent's surviving spouse and next of kin and that their percentages of dependency were 60% and 40%, respectively. Ptasinski and Northwest Physicians also settled claims against them for $2 million. The trial court approved these settlements, also finding James Foster's percentage of dependency to be 60% and Daniel Foster's to be 40%.

The aforementioned pretrial settlements totalled $2,750,000, of which $1,100,000 was awarded to Daniel Foster and $1,650,000 was awarded to James Foster. None of the pretrial settlement was distributed to the estate of Patrice Foster.

The remaining defendant, Dr. Kanuri, proceeded to trial, after which the jury returned a verdict in favor of plaintiff and against defendant in the amount of $2,925,000. The jury verdict was to be distributed as follows: (1) $2,100,000 to Daniel Foster for loss of society on the wrongful death claim; (2) $250,000 to James Foster for the loss of society on the wrongful death claim; and (3) $575,000 to the estate of Patrice Foster on the pain and suffering claim.

---

[1]Justice Braden participated in the decision of this appeal and prepared the opinion before his reassignment to the circuit court of Cook County.

Defendant filed a post-trial motion requesting a setoff of the entire $2,750,000 in settlement proceeds against the total jury verdict, so that only $175,000 would remain due and owing to plaintiff. The trial court rejected defendant's argument and entered an order granting plaintiff's cross-motion for a setoff of $1 million against Daniel Foster's jury verdict and $575,000 against the estate's jury verdict, requiring defendant to pay $1,575,000 to plaintiff.

Defendant appealed this order in *Foster v. Kanuri*, 241 Ill. App. 3d 677, 608 N.E.2d 8 (1992), where the sole issue presented to this court was whether defendant was entitled to set off the full pretrial settlement amounts paid to plaintiff by other, dismissed defendants, against the jury's total verdict against him. On appeal, this court reversed the trial court's determination as to the setoffs and remanded the case to the trial court with instructions to reconsider the settlement agreements and the jury verdict in light of the wrongful death and survival claims involved. In reaching its decision, this court held that the express provisions and plain language of the Joint Tortfeasor Contribution Act (Contribution Act) (Ill. Rev. Stat. 1989, ch. 70, par. 302(c)) entitled defendant to have settlement proceeds paid by the other defendants set off against the jury verdict. This court further instructed the trial court to apportion the setoff of the jury verdict against the pretrial settlements in light of the method espoused in *Murphy v. Martin Oil Co.*, 56 Ill. 2d 423, 308 N.E.2d 583 (1974), and reiterated in *Fountas v. Breed*, 118 Ill. App. 3d 669, 445 N.E.2d 200 (1983).

On remand, the trial court granted defendant a setoff against the judgment entered on the jury's verdict of $2,925,000 in the amount of $2,750,000 for pretrial settlement funds received by the plaintiff from other settling defendants prior to trial. The trial court specified that the amount due and owing plaintiff from defendant should be reduced to the net sum of $175,000 plus $345.20 in interest. Plaintiff appeals from this order.

On appeal, plaintiff contends that the setoff approach adopted by the trial court on remand is inconsistent with this court's prior opinion. Specifically, plaintiff argues that the setoff approach deprived the minor child, Daniel Foster, of nearly $875,000 of the $2,100,000 wrongful death recovery awarded to him by the jury by offsetting against his recovery, not only his share of the pretrial settlements, but also that of his father, James Foster. Defendant, on the other hand, argues that the earlier decision in *Foster* established the law of the case and this court is bound by its holding and the judgment of the circuit court entered on remand. Defendant argues that the issue on appeal is improper in that plaintiff is attempting to use a second appeal to ask this court to reconsider its earlier decision.

■ Under Illinois law, the earlier decision in *Foster* established the law of the case, and this court is bound by its holding in the aforementioned case and the judgment of the circuit court entered on remand. *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 312, 427 N.E.2d 563, 573 (1981). When an appellate court reverses and remands the cause with a specific mandate, the only proper issue on a second appeal is whether the trial court's order is in accord with the mandate. *Anundson v. City of Chicago*, 15 Ill. App. 3d 1032, 1037, 305 N.E.2d 376, 381 (1973). Ordinarily, a party seeking review of an appellate decision in an Illinois court has two options, neither of which includes a second appeal. The party may either file a petition for rehearing or petition for leave to appeal to the Illinois Supreme Court. *Krentz v. Johnson*, 59 Ill. App. 3d 791, 792, 376 N.E.2d 70, 71 (1978).

■ We note that there are two exceptions to the doctrine of the law of the case. *Martin v. Federal Life Insurance Co.*, 164 Ill. App. 3d 820, 824, 518 N.E.2d 306, 309 (1987). The first exception is when a higher reviewing court, subsequent to the lower reviewing court's decision, makes a contrary ruling on the same issue. *Martin*, 164 Ill. App. 3d at 824, 518 N.E.2d at 309. The second exception allows the reviewing court to depart from the doctrine of the law of the case if the court finds that its prior decision was palpably erroneous. *Stallman v. Youngquist*, 152 Ill. App. 3d 683, 689, 504 N.E.2d 920, 923 (1987).

Here, plaintiff does not dispute the law of the case doctrine. He does, however, contend that the trial court's judgment was not in accord with this court's mandate in *Foster* and that the holding by the Illinois Supreme Court in *Pasquale v. Speed Products Engineering*, 166 Ill. 2d 337, 654 N.E.2d 1365 (1995), categorically rejected the "lump sum" setoff approach applied by trial court on remand in the case at bar. Plaintiff argues that the Illinois Supreme Court's holding in *Pasquale* constitutes a contrary ruling on the same issue by a higher reviewing court, subsequent to this court's ruling in *Foster*, and, therefore, constitutes an exception to the doctrine of the law of the case. Plaintiff contends that the holding in *Pasquale* categorically rejects the "lump sum" setoff approach and, therefore, is contrary to the holding on the same issue in *Foster*. We disagree.

The holding in *Pasquale* is not contrary to the holding in *Foster*. In *Pasquale,* the Illinois Supreme Court concluded that, under the circumstances of that case, the wrongful death claim brought by the plaintiff representative for the benefit of the surviving kin was a separate claim from that brought for the benefit of the surviving spouse. *Pasquale*, 166 Ill. 2d at 366, 654 N.E.2d at 1380. Under these circum-

stances, the *Pasquale* court concluded that a wrongful-death claim that is barred as untimely where brought for an adult beneficiary, but tolled where brought for a minor beneficiary, is a separate and distinct claim from that brought solely for the adult. *Pasquale*, 166 Ill. 2d at 366, 654 N.E.2d at 1380. The *Pasquale* court concluded that the claim for the benefit of the minor beneficiary was substantially separate and distinct from the claim asserted by the surviving spouse. *Pasquale*, 166 Ill. 2d at 366, 654 N.E.2d at 1380. The court stated that a setoff is inappropriate where sought to be applied against a recovery for injuries "separate and distinct" from those for which the plaintiff was already compensated through settlement. *Pasquale*, 166 Ill. 2d at 370, 654 N.E.2d at 1382. The *Pasquale* court, however, noted that it was clear that the entire amount of a settlement that compensated for a single indivisible injury could be set off against a recovery based on that injury, notwithstanding the plaintiff's assertion of two distinct theories of recovery. *Pasquale*, 166 Ill. 2d at 369-70, 654 N.E.2d at 1382.

In *Foster*, the court made an express finding that the case involved a claim under the Wrongful Death Act (Ill. Rev. Stat. 1991, ch. 70, par. 1) and another under the survival statute (Ill. Rev. Stat. 1991, ch. 70, par. 2). Under these circumstances, the *Foster* court held that the express provisions and plain language of the Contribution Act (Ill. Rev. Stat. 1991, ch. 70, par. 302) entitled defendant to have the aforementioned settlement proceeds set off against the jury's verdict.

■ Here, we find that the express provisions and plain language of the Contribution Act (Ill. Rev. Stat. 1991, ch. 70, par. 302) entitle defendant to have the pretrial settlement proceeds paid by the other defendants set off against the jury's verdict. However, defendant is only entitled to a lump sum setoff of said settlement against the jury verdicts in favor of Daniel and James Foster for the loss of society under the Wrongful Death Act. The settlement proceeds allocated to Daniel and James Foster's respective claims under that act may not be set off against the $575,000 verdict awarded to the estate of Patrice Foster on the estate's separate claim for pain and suffering. A claim under the survival statute is that of the deceased which arose during his life and survived his death and is separate and distinct from an action for wrongful death. *Fountas v. Breed*, 118 Ill. App. 3d 669, 455 N.E.2d 200 (1983).

As stated in *Foster*, the trial court must set off the settlement funds received by Daniel and James Foster for loss of society under the Wrongful Death Act against the judgment entered in their favor, even if their judgment is reduced to zero. Our supreme court has found that where a full set off is denied, the plaintiff receives double

recovery for the same injury, which is precluded under Illinois law. *Nguyen v. Tilwalli*, 144 Ill. App. 3d 968, 495 N.E.2d 630 (1986).

On remand in the case at bar, the trial court erroneously granted defendant a $2,750,000 "lump sum" setoff against the judgment entered on the total jury verdict of $2,925,000, in consideration for pretrial settlement funds received by the plaintiff from other settling defendants prior to trial. Here, the total $2,750,000 pretrial settlement received by Daniel and James Foster should have been set off against the jury's $2,350,000 verdict on Daniel and James Foster's respective wrongful death claims. Such setoff should have been made without regard to how pretrial settlements were apportioned. This setoff would result in an enforceable judgment against defendant equal to the $575,000 verdict rendered on plaintiff's claim for pain and suffering under the Survival Act.

For the aforementioned reasons, we reverse and remand the judgment of the circuit court of Cook County with respect to its finding on the issue of damages for an order consistent with this opinion.

Reversed and remanded for further proceedings.

CAMPBELL, P.J., and BUCKLEY, J., concur.