HARVEY ZABINSKY, Plaintiff-Appellee, v. GELBER GROUP, INC., *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—02—2317

Opinion filed March 19, 2004.

Winston & Strawn, of Chicago (Susan M. Benton-Powers and Reid R. Broda, of counsel), for appellants.

Ashman & Stein, of Chicago (Gary D. Ashman, of counsel), for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendants, Gelber Group Inc. (GGI), Gelber Management, Inc. (GMI), Brian Gelber, and Franklin Gelber, appeal the jury verdict in favor of plaintiff, Harvey Zabinsky, on his claim under the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.* (West 1994)). Plaintiff cross-appeals the denial of his petition for attorney fees. We affirm the verdict in favor of plaintiff; we reverse and remand on the cross-appeal from the denial of the attorney-fee petition.

This case is before us for the second time. On October 20, 1997, we affirmed in part and reversed in part the dismissal of plaintiff's fifth amended complaint. See *Zabinsky v. Gelber Group, Inc.*, No. 1—96—4209 (October 20, 1997) (unpublished order under Supreme Court Rule 23). We recite a portion of our October 20, 1997, order, verbatim, because it is relevant to the issues on this appeal:

"In his fifth amended complaint, plaintiff allege[d] that Brian and Franklin Gelber conducted a group of related businesses under the trade name 'The Gelber Group.' Those businesses included a futures commission merchant business, a futures and options business, a commodity pool operation and commodity trading advisor business and a broker dealer business.

Plaintiff pleaded that Brian and Franklin Gelber also owned controlling interests in Gelber Group, Inc. (GGI) and Gelber Management, Inc. (GMI), a wholly owned subsidiary of GGI. Brian was president of GGI and GMI, while Franklin was treasurer/secretary of GGI and GMI. At all relevant times, Brian and Franklin caused GGI to pay the salaries, medical insurance premiums and pension plan expenses of their employees, regardless of whether the employees were designated as Brian and Franklin's employees, GGI's employees, or GMI's employees.

Plaintiff pleaded that in December 1987, he met with Brian and Franklin Gelber at their office in Chicago. Brian, on his own behalf and on the behalf of Franklin, GGI and GMI, offered plaintiff the job of managing the Gelber Arbitrage Fund. Brian told plaintiff that if he accepted the job, plaintiff would receive an annual salary of $96,000, a quarterly bonus, retirement benefits under a pension plan, and medical benefits. Brian also informed plaintiff that 'said salary, bonus and benefits would be paid and provided to Plaintiff for so long as the Fund was managed by himself, Franklin Gelber or one or more of the enterprises owned or controlled by himself and Franklin Gelber.' On or about January 1, 1988, plaintiff accepted the offer and began managing the Fund. Plaintiff managed the Fund until March 26, 1990, when Brian Gelber fired him. Brian Gelber, Franklin Gelber, or GMI or GGI continued to manage the fund until December 31, 1990.

In Counts I, II, III, and IV, plaintiff pleaded, respectively, that Brian Gelber, Franklin Gelber, GGI, and GMI, breached the oral contract by failing to pay plaintiff his bonus for the first quarter of 1990 and his salary, quarterly bonuses and benefits for any period thereafter through December 31, 1990. Counts VII and VIII, labeled 'Assumption of Obligations of Brian Gelber by GGI/Third Party Beneficiary' and 'Assumption of Obligations of Franklin Gelber by GGI/Third Party Beneficiary', basically repeat the allegations of count III that GGI breached the oral contract with plaintiff.

Counts VI, IX, X, XI, [XII], XIII, XIV [and XV and XVI] alleged *** that Franklin Gelber, GGI, GMI, Brian Gelber, Thomas Towson (an officer of GGI), and Chris Stewart (an officer of GGI) violated the Illinois Wage Payment and Collection Act (the Act) by failing to pay plaintiff his first quarter 1990 bonus, as well as his second, third, and fourth quarter 1990 salary and bonus amounts." *Zabinsky*, slip op. at ___.

Defendants filed a combined motion to dismiss, which the trial court granted. Upon appeal, this court: (1) affirmed the dismissal of the breach of contract counts because the oral contract, upon which plaintiff relied, violated the statute of frauds; (2) affirmed the dismissal of plaintiff's claims under the Act for his second, third, and fourth quarter salary and bonus because plaintiff was fired during the first quarter of 1990 and therefore never earned his second, third, and fourth quarter salary and bonus; and (3) reversed and remanded the dismissal of plaintiff's claim for an earned first quarter 1990 bonus under the Act because plaintiff had adequately pleaded that he had provided labor, service, or performance for the bonus pursuant to an agreement with the defendants. See *Zabinsky*, slip op. at ___.

Upon remand, a jury trial was held on plaintiff's claim under the Act for an earned first quarter 1990 bonus. The jury found in favor of plaintiff for $200,297.50. The trial court denied defendants' motion for judgment notwithstanding the verdict. Plaintiff presented his petition for attorney fees, which the trial court denied. Defendants appeal the jury verdict in favor of plaintiff. Plaintiff cross-appeals the denial of his petition for attorney fees.

## I. DEFENDANTS' APPEAL

■ First, defendants argue that the plaintiff has failed to state a cause of action under the Act for recovery of his first quarter 1990 bonus and, thus, that the trial court erred by permitting this matter to proceed to trial.

In our October 20, 1997, order we held that plaintiff stated a cause of action under the Act for an earned first quarter 1990 bonus. See *Zabinsky*, slip op. at ___. Our October 20, 1997, order is the law of

the case on this issue. Under the law of the case doctrine, issues presented and disposed of in a prior appeal are binding and will control in the circuit court upon remand as well as in the appellate court in a subsequent appeal. *Reich v. Gendreau*, 308 Ill. App. 3d 825, 829 (1999). Accordingly, the trial court did not err by permitting this matter to proceed to trial.

■ Next, defendants argue that the trial court erred by denying their motions for directed verdict and, later, judgment notwithstanding the verdict based upon plaintiff's failure to prove his case at trial. Our supreme court has held that "verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967).

■ The Act states that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5 (West 1994). The Act defines "final compensation" as "wages, salaries, earned commissions, *earned bonuses*, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." (Emphasis added.) 820 ILCS 115/2 (West 1994).

Plaintiff testified at trial that he worked the first quarter of 1990 pursuant to an agreement that defendants would pay him a bonus based upon a mutually agreed-upon formula. Plaintiff testified that according to the formula, defendants owed him a bonus of $200,297.70 for his work during the first quarter of 1990. Plaintiff's trial testimony was sufficient to establish his right to the bonus under the Act, as well as to the amount of the bonus, and defendants' liability therefor. Although there was some contrary testimony as to whether the agreement existed or whether plaintiff complied with the terms of the agreement, it was for the trier of fact to evaluate the credibility of the witnesses and weigh the evidence. *Maple v. Gustafson*, 151 Ill. 2d 445, 452 (1992). Viewed in the light most favorable to the plaintiff, the evidence does not so overwhelmingly favor the defendants that no contrary verdict based upon that evidence could ever stand. Accordingly, the trial court did not err by denying defendants' motions for directed verdict and judgment notwithstanding the verdict.

Defendants argue, though, that the court should have granted a directed verdict or judgment notwithstanding the verdict because

plaintiff failed to prove the existence of an enforceable *contract* for a bonus as required under the Act. Specifically, defendants contend that plaintiff failed to sufficiently identify the parties or terms of the contract and failed to show that the contract complied with the statute of frauds.

■ Resolution of this issue requires us to construe the Act. Because the construction of a statute is a question of law, our review is *de novo*. *O'Loughlin v. Village of River Forest*, 338 Ill. App. 3d 189, 191 (2003).

■ The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature. *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 97 (1996). In determining legislative intent, a court should consider the statutory language first, giving the terms of the statute their ordinary meaning. *MQ Construction Co. v. Intercargo Insurance Co.*, 318 Ill. App. 3d 673, 681 (2000). A dictionary may be used as a resource to determine the ordinary and commonly accepted meaning of words. *Melliere v. Luhr Bros., Inc.*, 302 Ill. App. 3d 794, 797 (1999). Where the language of the statute is clear, it will be given effect without resort to other aids for construction. *Augustus*, 278 Ill. App. 3d at 97.

■ The Act specifically states that an employer shall pay the employee his earned bonus owed "pursuant to an employment contract or *agreement* between the 2 parties." (Emphasis added.) 820 ILCS 115/2 (West 1994). An "agreement" is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an "agreement" without the formalities and accompanying legal protections of a contract. Black's Law Dictionary 35 (abridged 5th ed. 1983); Restatement (Second) of Contracts § 3, Comment *a*, at 13 (1981).

Defendants interpret the Act as allowing recovery of an earned bonus under the Act only if the employee has a valid enforceable contract. Defendants' reading of the Act is counter to the legislative intent of the Act demonstrated by the words of the Act itself. The Act provides an employee with remedies more expansive than a common law breach of contract action when it uses the words "employment contract or *agreement*." (Emphasis added.) 820 ILCS 115/2 (West 1994). To require an employee to have a valid, enforceable contract before invoking the Act would render the Act surplusage.

■ As discussed, plaintiff testified to his agreement with the defendants that he would work the first quarter of 1990 in return for a bonus. Plaintiff's testimony was sufficient to establish his entitlement to the bonus under the Act.

■ Defendants GGI, Franklin Gelber, and Brian Gelber argue, though, that plaintiff failed to prove they were plaintiff's employers

under the Act and, thus, that they are not liable for his bonus. Section 2 of the Act provides the term "employer" means "any individual, partnership, association, corporation *** where wage payments are made *** or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed." 820 ILCS 115/2 (West 2000). The Act further states that "[a]ny officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13 (West 2000).

■ Trial testimony from plaintiff, Brian Gelber and Franklin Gelber established that plaintiff was hired by Brian and Franklin Gelber to work for GMI, a subsidiary of GGI. Brian Gelber was the president of GMI; Franklin Gelber was chief financial officer of GMI. Brian and Franklin Gelber negotiated the terms of plaintiff's bonus and salary, but knowingly refused to pay plaintiff his first quarter, 1990 bonus. Said testimony was sufficient to establish that defendants GMI, GGI, Brian Gelber, and Franklin Gelber were all plaintiff's "employers" under the Act.

■ In conclusion, there was sufficient testimony for the jury to conclude plaintiff worked for the defendants (his employers) pursuant to an agreement that they would pay him a bonus for the first quarter of 1990. Accordingly, plaintiff was entitled to his bonus under the Act. Therefore, we affirm the trial court's orders denying defendants' motions for a directed verdict and judgment notwithstanding the verdict.

## II. PLAINTIFF'S CROSS-APPEAL

■ Plaintiff cross-appeals the order denying his petition for attorney fees under the Attorneys Fees in Wage Actions Act (the Attorneys Fees Act) (706 ILCS 225/0.01 et seq. (West 2000)). The Attorneys Fees Act states:

> "Whenever a mechanic, artisan, miner, laborer, servant or employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $10, in addition to the amount found due and owing for wages, to be taxed as costs of the action." 705 ILCS 225/1 (West 2000).

■ The trial court denied plaintiff's petition for attorney fees, finding that plaintiff should have submitted the petition to the jury.

The issue of attorney fees under the Attorneys Fees Act is one of judicial determination, not a jury question. *Reiss v. El Bauer Chevrolet Co.*, 96 Ill. App. 2d 266, 271 (1968). Accordingly, we reverse the order denying plaintiff's petition for attorney fees and remand for further proceedings thereon.

Defendants argue that even if the trial court erred in denying plaintiff's petition for attorney fees based upon his failure to submit the petition to the jury, we may still affirm the dismissal of the petition based upon plaintiff's failure to comply with the five-year statute of limitations. 735 ILCS 5/13—205 (West 2000).

The factual basis for plaintiff's claim for attorney fees arose in 1990. Plaintiff filed his original complaint in 1994 (within the five-year statute of limitations), and requested attorney fees as an element of his costs. In his seventh and eighth amended complaints (filed in 2002), plaintiff clarified his request by specifically referring to the Attorneys Fees Act as the statutory basis for the recovery of attorney fees. The trial court found that the claim for attorney fees under the Attorneys Fees Act related back to the original complaint for purposes of the statute of limitations. We find no error.

Defendants also argue that we may affirm the dismissal of the attorney fee petition based upon plaintiff's failure to make a proper written demand under the Attorneys Fees Act. Defendants' argument is unavailing, as plaintiff filed a written wage claim with the Illinois Department of Labor, and defendants subsequently received notice of this claim from the Department. This court has held that the compliance with the statutory procedures for collection of wages is sufficient to meet the Attorneys Fees Act's notice requirement. *Schackleton v. Federal Signal Corp.*, 196 Ill. App. 3d 437, 447 (1989).

Finally, defendants argue that the dismissal of the attorney fee petition should be affirmed because plaintiff failed to plead his cause of action for attorney fees in a separate count of the complaint. We disagree. Defendants have failed to cite any case law in support of this argument, nor have they shown how they were prejudiced thereby.

For the foregoing reasons, we affirm the verdict in favor of plaintiff; we reverse on the cross-appeal from the denial of the attorney fee petition, and remand for further proceedings thereon.

Affirmed in part and reversed in part; cause remanded.

CAMPBELL, P.J., and REID, J., concur.