No. 2--04--0515                                    filed: 8/28/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) ) | No. 00--CF--2813 |
| v. | ) ) | |
| CARLOS IZQUIERDO-FLORES, | ) ) | Honorable John T. Phillips, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

After admitting that he strangled his aunt, defendant, Carlos Izquierdo-Flores, was charged by indictment with second-degree murder (720 ILCS 5/9--2(a)(1), (a)(2) (West 2000)).  More than 120 days after defendant filed a speedy-trial demand on the original second-degree-murder charges, the State filed a second indictment charging first-degree murder (720 ILCS 5/9--1(a)(1), (a)(2) (West 2000)).  Relying on speedy-trial and compulsory-joinder principles, defendant moved to dismiss the second indictment, and the trial court granted his motion based upon the speedy-trial claim.  The State appealed, and this court reversed and remanded the cause to the trial court on the first-degree-murder charges.  People v. Izquierdo-Flores, 332 Ill. App. 3d 632 (2002).  Following a bench trial, defendant was found guilty of first-degree murder and sentenced to 30 years' imprisonment.

Defendant appeals, arguing that: (1) we should reconsider our decision in the prior appeal in light of our supreme court's decision in People v. Williams, 204 Ill. 2d 191 (2003); (2) the trial court erred by failing to accept his guilty plea to second-degree murder; (3) he received ineffective assistance of counsel; and (4) he is entitled to an additional day of credit against his sentence. We vacate defendant's conviction in light of Williams and remand for further proceedings. Because of the vacatur on the first issue, we determine that the last three issues on appeal are moot, and we do not address them.

## BACKGROUND

We begin by summarizing the facts preceding the first appeal in this case. On September 6, 2000, defendant was arrested in connection with the death of his aunt, Adelina Flores. According to defendant, his aunt had attacked him with a belt. Acting in self-defense, he strangled her using his bare hands. On September 7, 2000, the State charged defendant by complaint with second-degree murder. On the same date, defendant filed a speedy-trial demand. Also on that date, forensic pathologist Dr. Nancy Jones performed an autopsy on Flores's body. The autopsy report, dated September 16, indicated that strangulation was the cause of death.

On September 20, 2000, the State filed a two-count indictment charging defendant with second-degree murder. Count I alleged that, on September 6, 2000, while committing first-degree murder and acting under a sudden and intense passion resulting from serious provocation by the victim, defendant choked Flores with his hands, thereby causing her death. Count II alleged that defendant acted under an unreasonable belief that circumstances that would justify or exonerate the killing were present.

Over the next several months, the parties agreed to several continuances and engaged in plea negotiations. During a January 16, 2001, hearing, the State sought leave to dismiss the second-degree-murder charges and file first-degree-murder charges. The State explained that the second-degree-murder charges were based on defendant's statement to the police that he and Flores got into a fight and that, while defending himself, he strangled Flores with his hands. However, Dr. Jones's findings showed that defendant's theory was implausible. According to the State, Dr. Jones had been out of the country for the entire month of December. When she returned in January 2001, she reviewed the autopsy photographs and her report and opined on January 12, 2001, that the strangulation could not have been accomplished manually. Instead, she opined that the marks on the victim's neck were made by a ligature, such as a rope, belt, or piece of clothing. As a result, the State now intended to pursue first-degree-murder charges. Defense counsel objected to the new charges, noting that defendant had been in custody for months and was prepared to offer a "straight" plea to the second-degree-murder charges. The trial court expressed concern over speedy-trial issues and reserved ruling on the State's motion. The case was continued.

On January 17, 2001, the State filed a second, three-count indictment charging first-degree murder. The second indictment alleged that defendant used an object to strangle the victim. Defendant moved to dismiss the second indictment. Relying on speedy-trial principles, the trial court granted this motion. In particular, the court found that the new charges arose from the same acts that gave rise to the original charges and that the new charges were not the result of newly discovered evidence. As a result, the first-degree-murder charges were subject to the original speedy-trial term. Because the first-degree-

murder charges were not before the court when defendant requested or agreed to the continuances, any delay that was attributed to defendant in connection with the original charges could not be applied to the new charges.

The trial court denied the State's motion to reconsider and denied defendant's request to be released pursuant to Supreme Court Rule 604(a)(3) (188 Ill. 2d R. 604(a)(3)). On February 8, 2001, the State filed a certificate of impairment and a timely notice of appeal. On appeal, the State argued that the first-degree-murder charges were not "new and additional charges." Because the second-degree-murder charges included all of the elements of first-degree murder, the State reasoned that the first-degree-murder charges were actually before the trial court from the beginning of the prosecution. Izquierdo-Flores, 332 Ill. App. 3d at 637. In response, defendant argued that, although the second indictment did not add any new elements to the charged offense, it did place a burden on him that did not exist before. Izquierdo-Flores, 332 Ill. App. 3d at 637. Defendant pointed out that by charging him with second-degree murder, the State alleged that it could prove the elements of first-degree murder, but conceded the presence of mitigating factors. Izquierdo-Flores, 332 Ill. App. 3d at 637. Thus, if the State were allowed to withdraw the second-degree-murder charges and charge him with first-degree murder, he would be required to litigate whether a mitigating factor was present. Izquierdo-Flores, 332 Ill. App. 3d at 637. This court agreed with the State that the first-degree-murder charges in the second indictment were not "new and additional charges." Izquierdo-Flores, 332 Ill. App. 3d at 639. We stated that, "[b]ecause the first-degree murder charges here do not require defendant to defend against any elements that were not before the trial court previously, allowing the State to proceed on the second indictment would not frustrate the purpose of the speedy-trial

statute." Izquierdo-Flores, 332 Ill. App. 3d at 639. Accordingly, the delays attributed to defendant in connection with the second-degree-murder charges applied to the first-degree-murder charges as well. Because the speedy-trial term had not expired when the State filed the second indictment, we held that the trial court erred by dismissing the second indictment. Izquierdo-Flores, 332 Ill. App. 3d at 639.

On remand, defendant was arraigned on three counts of first-degree murder. Pursuant to the State's motion, the trial court dismissed the second-degree-murder charges. A bench trial commenced in January 2004, and defendant was found guilty of two counts of first-degree murder. Defendant filed a posttrial motion, which the trial court denied. The court sentenced defendant on only one count of first-degree murder, imposing a term of 30 years' imprisonment. Defendant moved to reconsider his sentence, and the trial court denied that motion. Defendant's timely notice of appeal followed.

ANALYSIS

Defendant first argues that we should reconsider our decision in the prior appeal in light of Williams, a case decided by our supreme court after defendant's first appeal. Relying on Williams, defendant argues that the State violated (1) the speedy-trial statute by charging him with first-degree murder more than 120 days after he filed a speedy-trial demand on the original charges, and (2) the compulsory-joinder statute by failing to prosecute both the first-degree-murder and the second-degree-murder charges at the commencement of the prosecution. The State responds that the law of the case doctrine bars review of this issue. While the State acknowledges that the law of the case doctrine does not limit this court's power to revisit an issue if our initial decision was clearly erroneous and would work a manifest injustice (Bond Drug Co. v. Amoco Oil Co., 323 Ill.

App. 3d 190, 198 (2001)), the State contends that <u>Williams</u> does not conflict with our previous decision.  We disagree.

In <u>Williams</u>, our supreme court discussed the relationship between the speedy-trial statute and the compulsory-joinder statute.  There, the defendant was originally charged with one count of contributing to the criminal delinquency of a juvenile in connection with the murder of James Patterson.  <u>Williams</u>, 204 Ill. 2d at 196.  Then, 168 days after he was arrested on the contributing charge, the defendant was also charged with one count of first-degree murder in connection with Patterson's death.  <u>Williams</u>, 204 Ill. 2d at 196.  The defendant contended that the State violated the speedy-trial act when it charged him with first-degree murder 168 days after it charged him with contributing to the delinquency of a juvenile.  <u>Williams</u>, 204 Ill. 2d at 197.  According to the defendant, because these charges were subject to compulsory joinder, pretrial continuances attributable to him on the contributing charge were not attributable to him on the murder charge.  <u>Williams</u>, 204 Ill. 2d at 197-98.

The court noted that application of the speedy-trial act is a straightforward counting exercise when a defendant is charged with a single offense; however, its application becomes more complicated when a defendant is charged with multiple, but factually related, offenses at different times.  <u>Williams</u>, 204 Ill. 2d at 198.  Under the speedy-trial statute, section 103--5(a) of the Code of Criminal Procedure of 1963 (Code), a defendant who is in custody shall be tried within 120 days from the date he is taken into custody.  725 ILCS 5/103--5(a) (West 2000).  Section 103--5(f) provides further that the 120-day period will be suspended during any delay occasioned by the defendant.  725 ILCS 5/103--5(f) (West 2000).

The rule for determining the number of speedy-trial days attributable to the State when new and additional charges are brought against a previously charged defendant was first stated in People v. Williams, 94 Ill. App. 3d 241 (1981) (Williams I). Specifically, the court stated:

"Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges. Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained." Williams I, 94 Ill. App. 3d at 248-49.

In Williams, our supreme court reiterated its approval of this rule but stated that it applies only to new and additional charges that are subject to compulsory joinder under section 3--3 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/3--3 (West 2000)). Williams, 204 Ill. 2d at 203-04; People v. Boyd, 363 Ill. App. 3d 1027, 1035 (2006). The compulsory-joinder provision of the Criminal Code states as follows:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the

court in the interest of justice may order that one or more of such charges shall be

tried separately." (Emphasis added.) 720 ILCS 5/3--3 (West 2000).

Compulsory joinder requires the State to bring multiple charges in a single

prosecution. People v. Quigley, 183 Ill. 2d 1, 13 (1998). The Williams court explained that

the "same act" language in section 3--3 of the compulsory-joinder statute does not include

independent acts constituting different offenses, and there is no requirement of joinder

where multiple offenses arise from a series of related acts. Williams, 204 Ill. 2d at 199.

Given the interaction between compulsory-joinder principles and the speedy-trial guarantee,

our supreme court concluded that the speedy-trial statute should not be interpreted to

require joinder that is not already mandated by section 3--3 of the Criminal Code. Williams,

204 Ill. 2d at 203-04.

In this case, the speedy-trial period for the original second-degree-murder charges

will also apply to the first-degree-murder charges only if the first-degree-murder charges are

"new and additional charges" that are subject to compulsory joinder. As previously

discussed, this court held in defendant's first appeal that the first-degree-murder charges

were not new and additional charges, because the elements of first-degree murder and

second-degree murder are identical. Izquierdo-Flores, 332 Ill. App. 3d at 638. Our decision

in that case did not address the compulsory-joinder statute, but focused only on whether the

first-degree-murder counts constituted "new and additional charges." As in the previous

appeal, the State again argues that the first-degree-murder counts were not "new and

additional charges," and that Williams therefore does not control the outcome of this case.

Specifically, the State argues that the new first-degree-murder charges did not contain

substantial changes that altered the nature or the elements of the second-degree-murder charges. We disagree.

Second-degree murder differs from first-degree murder because of the presence of a statutory mitigating factor such as a serious provocation or an unreasonable belief in justification. People v. Porter, 168 Ill. 2d 201, 213 (1995). Thus, although the second indictment did not add any new elements to the charged offense, it did place on defendant a burden that did not exist before. A defendant charged with second-degree murder is not required to prove anything. People v. Golden, 244 Ill. App. 3d 908, 918 (1993). The State must prove all of the elements of first-degree murder and concede the presence of a mitigating factor. Golden, 244 Ill. App. 3d at 919. However, when a defendant is on trial for first-degree murder, to be found guilty of second-degree murder, the defendant must prove by a preponderance of the evidence the presence of a statutory mitigating factor. 720 ILCS 5/9--2(c) (West 2000). Thus, if the State were able to withdraw the second-degree-murder charges and charge him with first-degree murder, defendant would bear the burden of proving the presence of a mitigating factor, which places an additional issue before the trier of fact. First-degree murder is a more serious offense with greater penalties than second-degree murder. People v. Jeffries, 164 Ill. 2d 104, 121-22 (1995). Given the distinction between first-degree and second-degree murder, we cannot assume that defendant would have agreed to continuances if he had faced both charges. We also observe that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt pursuant to Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). There is a substantial difference in the punishments of first- and second-degree murder. Thus, the issue of a

mitigating factor is an additional element or fact that distinguishes the two crimes. It is a distinction with a difference, contrary to the holding of this court in the prior appeal.

We believe that our conclusion is consistent with the rationale for compulsory joinder stated in Williams:

"If the initial and subsequent charges filed against the defendant are subject to compulsory joinder, delays attributable to the defendant on the initial charges are not attributable to the defendant on the subsequent charges. The harm in a contrary result is obvious: a trial by ambush. The State could lull the defendant into acquiescing to pretrial delays on pending charges, while it prepared for a trial on more serious, not-yet-pending charges. We cannot presume that a defendant would have agreed to a continuance if he had faced both charges. As Justice Kuehn presciently observed, 'All choices about requests that would delay proceedings would be made under a false understanding as a result of this deception.' When the State filed the more serious charges, the defendant would face a Hobson's choice between a trial without adequate preparation and further pretrial detention to prepare for trial. Today, we do not create a loophole for criminal defendants. Instead, we close a loophole which would allow the State to circumvent a statutorily implemented constitutional right." Williams, 204 Ill. 2d at 207.

Moreover, the two cases relied upon by the State that discuss "new and additional charges" are not relevant to this case. People v. Woodrum, 354 Ill. App. 3d 629 (2004), for example, concerned a defective indictment. See Woodrum, 354 Ill. App. 3d at 640-41 (the original indictment failed to allege a necessary element of the crime, and the defendant had been in custody for over 120 days by the time the indictment was corrected). People v.

Doss, 347 Ill. App. 3d 418 (2004), on the other hand, concerned a formal rather than a substantive amendment to an indictment so that speedy-trial provisions were not implicated. See Doss, 347 Ill. App. 3d at 425-26 (the amendment of the indictment from "toy pistol" to "pistol" was formal and not substantive, because it did not alter the nature of the offense).

The State also contends that Williams is distinguishable. According to the State, this case involves essentially the same crimes, first-degree murder and second-degree murder, while Williams involved multiple but factually related crimes that occurred at different times. We disagree. Like the case at bar, the contributing and murder charges in Williams were subject to compulsory joinder because they were alternative theories on the same facts. Williams, 204 Ill. 2d at 201. As the prosecutor in Williams commented, " 'There is no change in discovery. There is no change in witnesses. There is no change in any evidence that would be presented. It's preliminarily an alternative theory which may--which a jury could find based upon the same facts which were presented.' " Williams, 204 Ill. 2d at 201. As a result, the delays attributable to the defendant on the contributing charge were not attributable to the defendant on the murder charge, and the State violated the speedy-trial act on the murder charge. Williams, 204 Ill. 2d at 207-08. In so holding, our supreme court relied upon its earlier decision in Quigley, where the dispute centered upon whether felony driving under the influence (DUI) and misdemeanor DUI charges were based on the "same act," and thus subject to compulsory joinder. Williams, 204 Ill. 2d at 199-200; Quigley, 183 Ill. 2d at 7. Because the felony and misdemeanor charges were based on the same act, they were required to be tried together, meaning that once the speedy-trial period expired on

the misdemeanor charge, it also ran on the felony charge.  Williams, 204 Ill. 2d at 200; Quigley, 183 Ill. 2d at 10, 16.

Likewise, we find People v. Derr, 346 Ill. App. 3d 823 (2004), to be instructive on the issue of compulsory joinder.  There, the defendant was initially charged with involuntary manslaughter and concealment of a homicidal death.  Derr, 346 Ill. App. 3d at 826.  Almost three years after the original charges had been lodged and almost three years after the defendant had demanded a speedy trial on those charges, the State filed a motion for leave to file an amended information that charged first-degree murder.  Derr, 346 Ill. App. 3d at 826.  According to the State, no prejudice would result to the defendant from the desired amendments, because the additional counts did not arise out of any additional facts or circumstances.  Derr, 346 Ill. App. 3d at 826.  The court disagreed, stating that, "[i]n effect, the motion set forth why the new charge was subject to compulsory joinder."  Derr, 346 Ill. App. 3d at 826.  The court went on to say that defense counsel's failure to pursue the defendant's speedy-trial rights denied the defendant a legal avenue that would have protected him from the murder charges.  Derr, 346 Ill. App. 3d at 827.  In other words, the new charges should have been joined in the charging instrument from the prosecution's inception, and none of the numerous continuances obtained on the original charges had tolled the speedy-trial demand on the new charges.  Derr, 346 Ill. App. 3d at 827.

As we stated in our previous decision, there is no question that the second indictment arises out of the same incident upon which the original charges were based.  Izquierdo-Flores, 332 Ill. App. 3d at 639.  In addition, this is not a case where the delay in filing the first-degree-murder charges was due to the discovery of new evidence.  Instead, as we previously found, the delay was the result of the State's lack of diligence in investigating the

case. Izquierdo-Flores, 332 Ill. App. 3d at 639-40. In light of our supreme court's discussion of the relationship between the speedy-trial statute and the compulsory-joinder statute in Williams, we must reconsider our previous decision and now reach an opposite result. Because the original second-degree-murder charges and the new first-degree-murder charges were based on the same act of strangling Flores, the charges were subject to compulsory joinder. Under Williams, if initial and subsequent charges filed against a defendant are subject to compulsory joinder, delays attributable to the defendant on the initial charges are not attributable to the defendant on the subsequent charges. Williams, 204 Ill. 2d at 207. As a result, the delays attributable to defendant on the second-degree-murder charges were not attributable to defendant on the first-degree-murder charges, and the State violated the speedy-trial act with respect to the first-degree-murder charges. Accordingly, defendant's conviction is vacated. See Williams, 204 Ill. 2d at 207-08.

We believe, in light of the Williams decision, that our initial decision was clearly erroneous and would work a manifest injustice (see Bond Drug Co., 323 Ill. App. 3d at 198) were we not to vacate the proceedings on remand and reinstate the status quo ante. See Applegate v. Department of Transportation, 335 Ill. App. 3d 1056, 1063 (2002) (vacatur restores the status quo ante, as though a judgment had never been entered). As this court explained in People v. Eidel, 319 Ill. App. 3d 496, 504 (2001): "To 'vacate' a judgment is to nullify or cancel it. [Citation.] A judgment that has been vacated is void. [Citations.] It is 'entirely destroyed.' [Citation.] The vacatur restores the parties to the status quo ante, as though the trial court judgment had never been entered." Eidel, 319 Ill. App. 3d at 504; see also Williamsburg Village Owners' Ass'n v. Lauder Associates, 200 Ill. App. 3d 474, 483 (1990) (ascribing similar effect to reversal). Had the trial court's judgment in the prior appeal

been affirmed, the case would have proceeded to trial on only the second-degree-murder charges. It is noteworthy that defendant claims that the trial court abused its discretion when it failed to accept his blind plea of guilty to the charge of second-degree murder, and he requests that we "remand the case to the trial court with instructions that the trial court allow the defendant to plead anew to second degree murder." We believe that such an admonishment is unnecessary because the disposition entered in this cause is for further proceedings relating only to the second-degree-murder charges.

## CONCLUSION

For the above reasons, defendant's conviction of first-degree murder is vacated and the cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded with directions.

BYRNE, J., concurs.

JUSTICE BOWMAN, dissenting:

I respectfully dissent. In my opinion, our original decision permitting the State to charge defendant with first-degree murder established the law of the case, and our supreme court's decision in People v. Williams, 204 Ill. 2d 191 (2003), is not contrary to this holding. For the following reasons, I would affirm defendant's conviction of first-degree murder.

## LAW OF THE CASE DOCTRINE

Under the law of the case doctrine, issues presented and disposed of in a prior appeal are binding and control in the trial court upon remand, as well as in the appellate court in a subsequent appeal (Zabinsky v. Gelber Group, Inc., 347 Ill. App. 3d 243, 248 (2004)), unless the facts presented are so different as to require a different interpretation (Bilut v. Northwestern University, 296 Ill. App. 3d 42, 47 (1998)). "The purpose of the law of

the case doctrine is to protect settled expectations of the parties, ensure uniformity of decisions, maintain consistency during the course of a single case, effectuate proper administration of justice, and bring litigation to an end." People v. McDonald, No. 1--03--1283, slip op. at 3 (June 30, 2006). There are two exceptions to the law of the case doctrine, neither of which is applicable in this case. Foster v. Kanuri, 288 Ill. App. 3d 796, 799 (1977). The first exception applies where our supreme court, following the first appeal, makes a contrary ruling on the precise issues of law on the which the appellate court had based its prior decision. Martin v. Federal Life Insurance Co., 164 Ill. App. 3d 820, 824 (1987). The second exception allows the reviewing court to depart from the doctrine of the law of the case if the court finds that its prior decision was palpably erroneous. Foster, 288 Ill. App. 3d at 799. Unlike the majority, I do not believe that our original decision is contrary to Williams or "palpably erroneous." Thus, the law of the case doctrine bars relitigation of whether the State properly charged defendant with first-degree murder.

The speedy-trial period for the original second-degree-murder charges also applies to the first-degree-murder charges only if the first-degree-murder charges are "new and additional charges" that are subject to compulsory joinder. In defendant's first appeal, this court held that the first-degree-murder charges did not constitute "new and additional charges," because the elements of first-degree murder and second-degree murder are identical. People v. Izquierdo-Flores, 332 Ill. App. 3d 632, 638 (2002). In other words, the first-degree-murder charges did not require defendant to defend against any elements that were not before the trial court previously, and allowing the State to proceed on the second indictment did not frustrate the purpose of the speedy-trial statute. Izquierdo-Flores, 332 Ill.

App. 3d at 639. Given the unique relationship between first- and second-degree murder, as discussed below, I see no reason to depart from our earlier ruling.

Section 9--2 of the Criminal Code of 1961, which defines the offense of second-degree murder, provides that "[a] person commits the offense of second degree murder when he commits the offense of first-degree murder *** and either of the following mitigating factors are present." (Emphasis added.) 720 ILCS 5/9--2 (West 2000). Accordingly, when defendant was originally charged with second-degree murder, he was also, in effect, being charged with first-degree murder. See People v. Thompson, 354 Ill. App. 3d 579, 584 (2004) (first- and second-degree murder both require the same mental state of either intent or knowledge); see also People v. Parker, 358 Ill. App. 3d 371, 377 (2005) (the elements of first- and second-degree murder are identical). *In order to convict defendant of second-degree murder, the State must still prove all of the elements of first-degree murder. See D. Shanes, Murder Plus Mitigation The Lesser Mitigated Offense Arrives in Illinois, 27 J. Marshall L. Rev. 61, 114 1993.* Stated differently, a defendant cannot be found guilty of second-degree murder if the State fails to prove any of the elements of first-degree murder. See 27 J. Marshall L. Rev. at 114.

In People v. Jeffries, 164 Ill. 2d 104 (1995), our supreme court made clear that second-degree murder is not a lesser included offense of first-degree murder, but is more accurately described as a "lesser mitigated offense of first-degree murder." Jeffries, 164 Ill. 2d at 122. This characterization reveals the unique relationship between first-degree and second-degree murder:

> "Where a defendant has been convicted of a lesser included offense, one may
> assume the State failed to prove an element of the greater offense or that the

defendant acted with a less culpable mental state than that required to prove the greater offense. This differs from the situation involving first and second degree murder, where the State must prove each of the elements of first-degree murder beyond a reasonable doubt before the fact finder may consider whether a mitigating factor has been established that would reduce first-degree murder to second degree murder." (Emphasis in original.) People v. Kauffman, 308 Ill. App. 3d 1, 10 (1999).

Indeed, second-degree murder differs from first-degree murder only because of the presence of a statutory mitigating factor, such as a serious provocation or an unreasonable belief in justification. People v. Porter, 168 Ill. 2d 201, 213 (1995). However, mitigating factors are not elements of second-degree murder; they exist merely to mitigate one's culpability and to lessen the resulting sentence imposed. See D. Sternicki, The Void Left in Illinois Homicide Law After People v. Lopez: The Elimination of Attempted Second Degree Murder, 46 DePaul L. Rev. 227, 253 (1996); see also People v. Golden, 244 Ill. App. 3d 908, 918 1993 the mitigating factors are not elements of the offense but are affirmative defenses that do not bear upon the ultimate burden of proof. Because second-degree murder does not contain different elements from first-degree murder, the second indictment charging first-degree murder did not require defendant to defend against any elements that were not before the trial court previously.

Furthermore, while defendant argues that, by being charged with first-degree murder, he was then required to prove the existence of a mitigating factor to reduce the offense to second-degree murder, I disagree. In our original decision, we specifically found that the second indictment alleging first-degree murder did not necessarily place any additional burden on defendant. Izquierdo-Flores, 332 Ill. App. 3d at 638. This is because defendant was not required to prove a mitigating factor. See Golden, 244 Ill. App. 3d at 917. As

defense counsel argued on remand, the burden was not exclusively on defendant to establish a mitigating factor. While defendant could provide such evidence, defendant was not required to do so, because the State's evidence could establish a mitigating factor as well. See Golden, 244 Ill. App. 3d at 917. Pattern jury instructions for determining first- or second-degree murder state that a defendant is not required to present evidence of a mitigating factor; rather, the jury is directed to consider all of the evidence to determine the existence of a mitigating factor. Golden, 244 Ill. App. 3d at 917.

Because the first-degree-murder charges were essentially before the court from the beginning of the prosecution, and because the second indictment charging first-degree murder did not add new elements to the charged offense of second-degree murder, the first-degree-murder charges did not constitute  new and additional charges.  As a result, the compulsory joinder statute was not implicated, and Williams is inapplicable.  Unlike the case at bar, which turns on the unique relationship between first- and second-degree murder, Williams clearly involved  new and additional charges.   There, the defendant was charged with first-degree murder 168 days after he was charged with contributing to the criminal delinquency of a juvenile.  Williams, 204 Ill. 2d at 196.  Because first-degree murder was clearly a  new and additional charge  that was based on the same act and therefore subject to compulsory joinder, the delays attributable to the defendant on the original contributing charge were not attributable to the defendant on the murder charge.  Williams, 204 Ill. 2d at 207-08.  As previously stated, this case differs from Williams in that defendant here was not faced with  new and additional charges   essentially, the first-degree-murder charges were before the court from the beginning of the prosecution.  Accordingly, the delays attributed to defendant in connection with the second-degree-murder charges also applied to the first-degree-murder charges, and the speedy-trial term had not yet expired when the State filed the second indictment.  Izquierdo-Flores, 332 Ill. App. 3d at 639.  Thus, Williams does not change the outcome of this case, and I see no reason to modify our previous ruling.

No. 2--04--0515

## GUILTY PLEA

Because I would not reverse defendant's conviction in light of Williams, I also address defendant's three remaining contentions. With respect to his guilty plea to second-degree murder, defendant first argues that the trial court abused its discretion by failing to accept his plea. Second, defendant argues that his counsel was ineffective for failing to obtain a ruling on his guilty-plea offer on January 16, 2001. A review of the facts reveals that both arguments lack merit.

On January 16, 2001, the State moved to file first-degree-murder charges and dismiss the second-degree-murder charges. That same day, defense counsel informed the court that defendant was prepared to offer a "straight open plea" to the pending second-degree-murder charges. The court reserved ruling on the State's motion, because the State planned to present the first-degree-murder charges to a grand jury the next day. In addition, the court expressed concern regarding defendant's speedy-trial rights, noting that a speedy-trial demand had been filed on September 7, 2000. Accordingly, the court continued the case until January 18, so that both parties would be prepared to address the speedy-trial issues that arose in response to the State's motion.

On January 18, defendant moved to dismiss the indictment charging first-degree murder, and the court heard arguments on January 25. On January 29, the court granted defendant's motion to dismiss the first-degree-murder charges. Defendant then sought leave to enter his guilty plea to second-degree murder. The court reserved ruling on the plea until the State decided whether it wished to appeal the order granting defendant's motion to dismiss the first-degree-murder charges. The court stated that, while it was not precluding defendant from entering a guilty plea, it would reserve "actually taking it." On February 5, the State advised the court that it would appeal its decision. On that date, defendant again offered a "straight open plea" to the pending second-degree-murder charges. The court reserved ruling. On February 8, the State's motion to reconsider was denied, and the State was given leave to file a certificate of impairment and a notice of appeal. Defendant sought release pending appeal, under Supreme Court Rule 604(a)(3) (188 Ill. 2d R. 604(a)(3)), arguing

that he had tried to plead guilty to second-degree murder, but had not been allowed to do so. The court denied defendant's motion for release, finding compelling reasons to hold him on bond.

It is within the trial court's sound discretion to accept or reject a guilty plea. People v. Peterson, 311 Ill. App. 3d 38, 45 (1999). We review the court's decision for an abuse of discretion, and we will not substitute our judgment for that of the trial court. Peterson, 311 Ill. App. 3d at 45. An abuse of discretion occurs when no reasonable person would agree with the decision, when the decision is arbitrary, unreasonable, or unconscionable, or when the decision is not based on facts, logic, or reason. Peterson, 311 Ill. App. 3d at 45.

Based on all of the facts present in this case, the trial court did not abuse its discretion in refusing to accept defendant's guilty plea. There is no absolute right to have a guilty plea accepted by the trial court. People v. Henderson, 211 Ill. 2d 90, 103 (2004). Moreover, as the State points out, defendant's plea offers were not made following a negotiated plea agreement. While the parties had engaged in plea negotiations over several months, it was not until the State announced its intention to file first-degree-murder charges that defendant offered a "straight open plea" to the pending second-degree-murder charges. The trial court was not obligated to accept the plea so that defendant could avoid being charged with first-degree murder. This is because " a person can be prosecuted for the greatest offenses violated by his conduct," and a defendant may not attempt to eliminate this option of the State. People v. Fernetti, 117 Ill. App. 3d 44, 52 (1983), rev'd on other grounds, 104 Ill. 2d 19 (1984). There is " no rationale which suggests that the legislature intended to create a statutory right requiring the acceptance of a proffered plea of guilty as to a charge chosen by defendant." (Emphasis added.) Fernetti, 117 Ill. App. 3d at 52.

In reserving its ruling on defendant's guilty plea offers, the trial court was attempting to strike a balance between defendant's speedy-trial rights and the State's right to prosecute defendant on first-degree-murder charges. Once the court granted defendant's motion to dismiss the second indictment charging first-degree

murder, and the State decided to appeal that decision, it appears that the trial court delayed the proceedings on the second-degree-murder charges until the appeal was resolved. Given the uncertainty of the outcome on appeal, coupled with the fact that defendant could not attempt to eliminate the State's option of charging him with first-degree murder by pleading guilty to second-degree murder, I cannot say that the trial court abused its discretion in refusing to accept defendant's guilty plea.

Defendant next maintains that his counsel was ineffective for failing to obtain a ruling on defendant's "straight open plea" to the second-degree-murder charges on January 16, 2001. According to defendant, defense counsel failed to obtain a ruling on the plea offer and acquiesced in a two-day continuance during which the State obtained an indictment charging first-degree murder.

Claims based on the ineffective assistance of counsel are analyzed under the test established in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). People v. Graham, 206 Ill. 2d 465, 476 (2003). "Under Strickland, a defendant must prove that defense counsel's performance fell below an objective standard of reasonableness and that this substandard performance created a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Graham, 206 Ill. 2d at 476. A reasonable probability means a probability sufficient to undermine confidence in the result of the trial. Graham, 206 Ill. 2d at 476. The defendant must satisfy both parts of the Strickland test in order to establish that he received ineffective assistance. Graham, 206 Ill. 2d at 476. Thus, if the defendant suffered no prejudice, we need not consider whether counsel's performance was deficient. Graham, 206 Ill. 2d at 476.

Defendant fails to establish either prong of the Strickland test. Defense counsel provided effective assistance when he offered a "straight open plea" to the second-degree-murder charges upon learning that the State intended to file first-degree-murder charges.

As stated previously, the trial court was not obligated to accept defendant's "straight open plea." Indeed, the court reserved ruling on defendant's offer, as well as the State's motion to dismiss the second-degree-murder charges and file first-degree-murder charges, in an effort to protect defendant's speedy-trial rights. Defendant cites no authority for the proposition that defense counsel should have tried to "force" a ruling when the court specifically continued the case so that the parties could prepare arguments. *Following the two-day continuance, defense counsel moved to dismiss the indictment charging first-degree murder. Once the trial court granted this motion, defense counsel again sought leave to enter defendant's guilty plea to second-degree murder.* In fact, defense counsel renewed defendant's plea offer on three separate occasions prior to the court denying the State's motion to reconsider. Pending the State's decision to appeal, the court indicated that, while it was not *precluding defendant from entering a guilty plea, it would reserve actually taking it.* Accordingly, defense counsel's conduct fell within the wide range of reasonable professional assistance and constituted sound trial strategy. See People v. Makiel, 358 Ill. App. 3d 102, 106 (2005) (the defendant must overcome a "strong presumption" that his lawyer's conduct falls within the wide range of reasonable professional assistance and that the challenged conduct constitutes sound trial strategy).

## ADDITIONAL DAY OF CREDIT

*Defendant also argues that he is entitled to an additional day of credit against his sentence. Because it is not clear from the record whether defendant is entitled to one day's credit, I would remand with instructions that the trial court make this determination.*

*As a final matter, I question the procedural propriety of vacating defendant's conviction and remanding the case on the second-degree-murder charges. On remand, the trial court specifically rejected defendant's arguments regarding second-degree murder and instead found defendant guilty of first-degree murder. Because*

defendant has already been tried and convicted of first-degree murder, I am not convinced that the case law cited by the majority supports remanding the case on the second-degree-murder charges. In any event, I would affirm defendant s conviction of first-degree murder.